## Henderson Willard and others v. Henry Fralick.

*Bonds on appeals in probate cases: Judgment against sureties.* The power to render judgment, without a separate action, against sureties on bonds in legal proceedings, is statutory, and cannot be extended by implication; and such a judgment, rendered against sureties on a bond on an appeal from commissioners in probate cases, is held unauthorized.

*Claims against estates: Offsets.* The statute (*Comp. L. 1871,* § *4428*) regulating the course of proceedings as to offsets to claims presented to commissioners on estates of deceased persons, is not limited by the general set-off law, which in terms applies only to actions, but it is broad enough to admit the allowance of proper offsets in all cases.

*Estates of deceased persons: Claims: Offsets: Administrator.* The offsets which may be allowed to such claims, being confined to claims of the deceased, cannot include demands which never belonged to the deceased, but have been purchased after his death by the administrator.

*Offsets: Claims secured by collaterals.* The fact that a claim, which is otherwise a proper one for set-off, is secured by collaterals, does not debar it from being set-off, where there are no stipulations to the contrary.

*Evidence: Verbatim rehearsals: Substance.* The notion that witnesses are to be allowed only to rehearse *verbatim,* and not to give the substance of what occurs and is said in the dealings to which they testify, is criticised as tending to render the rules of evidence worthless by over-nicety.

*Evidence: Contract: Stating the purpose: Verbatim account.* Where one, in prose-
cuting a claim against the estate of a deceased person, for the proceeds of
certain lands deeded to the decedent in his lifetime to be disposed of and all
the proceeds beyond a given sum to be accounted for, is seeking to follow up
the funds into new investments made by the decedent in other lands, and to
get the enhanced value, inquiries of the witness by whom the agreement was
proved, as to what was said at the time as to the purpose for which the land
was to be sold, cannot properly be excluded on the objection that the witness
could not state any purpose, but must relate only what was said and done.

*Heard April 8.     Decided April 13.*

Error to Kent Circuit.

*G. H. White,* for plaintiffs in error.

*Eben Smith,* for defendant in error.

CAMPBELL, J.

Willard presented a claim against Canfield's estate, for
the proceeds of certain lands deeded to Canfield to be dis-
posed of, in which Willard was to have all the proceeds
beyond one thousand dollars and interest and commissions,
retaining the right to find a purchaser himself within two
years, if not sold by Canfield within that time.    Canfield
disposed of the property for other lands, which he also
conveyed to third persons, and Willard seeks to get the
value of the lands which were thus obtained and conveyed.

The commissioners allowed a balance of set-off so as to
bring Willard in debt to the estate two hundred and forty-
nine dollars and eleven cents.    He appealed to the circuit
court of Kent county, where judgment was rendered against
him, for four hundred and sixty-nine dollars and fifty cents
damages, and against him jointly with his sureties on
appeal, for costs.    They all bring error.

The first error to be noticed is the judgment against
the sureties.    No authority exists for such a judgment.
Their bond is conditioned that the appellant shall prosecute
his appeal to effect, and pay all damages and costs which
may be awarded against him on such appeal.—*C. L.,* § *4440.*

The power to render judgment against sureties on bonds in legal proceedings, without a separate action, is statutory, and cannot be extended by implication. The general doctrine is, that no one can be subjected to a judgment without a suit against himself. Reliance was had upon § *6133* of the *Compiled Laws*, which allows summary judgment against persons becoming security for costs. But this bond is not of that nature. It is a bond to abide the result of an appeal, and conditioned to pay all damages as well as costs. The costs are not the principal thing secured, but are merely incidental. The statute allowing the sureties to be included in the judgment does not apply.

Error is also assigned on the allowance of certain claims by way of set-off. One was for three hundred dollars, money lent to Willard by Canfield, and the other was a note of one hundred and five dollars, purchased by the administrator after Canfield's death.

It is claimed that the demand of Willard being unliquidated, the case is not a proper one for set-off at all. But by § *4428, Comp. L.*, it is provided that "when a creditor, against whom the deceased had claims, shall present a claim to the commissioners, the executor or administrator shall exhibit the claims of the deceased in offset to the claims of the creditor, and the commissioners shall ascertain and allow the balance against or in favor of the estate, as they shall find the same to be." This section stands by itself, and the general set-off law does not, in terms, apply to any thing but actions. The power of commissioners is peculiar and very broad, and we think the language of this section should not be narrowed beyond its terms, and should allow a proper set-off in all cases. But the set-off, being confined to "*claims of the deceased*," cannot include demands which never belonged to the deceased; and the one hundred and five dollar note was improperly received.

The objection that the three hundred dollar claim was debarred from set-off because secured by two collaterals, is not well taken. Unless there is some agreement to the con

trary, there is nothing to prevent a suit upon a secured claim, as well as on one not secured.    There may be stipulations to postpone suit until the securities are exhausted or in some way resorted to, but all such agreements stand on their own terms.    Where no such agreement is made, suit will lie after the debt matures, at any time.

The court on the trial excluded certain testimony, on which exceptions were taken.    The ground of the demand of Willard was an agreement between him and Canfield, whereby Canfield transferred to Willard certain personal property, called worth one thousand dollars for the purposes of the agreement, and Willard conveyed to Canfield two hundred and forty acres of land in Wisconsin, upon an understanding that if it should be sold within two years by Canfield, he should repay to Willard the excess, if any, beyond one thousand dollars, and interest at the rate of ten per cent. per annum, and ten per cent. commissions.    Willard was at liberty to find a purchaser within the same period, and then Canfield was to have the one thousand dollars and interest without commissions.

Canfield exchanged the land for other lands in different parcels, and disposed of the proceeds by new bargains in land.    Willard claimed that he was bound to make sales in the ordinary sense of the term, and had no right to take property in exchange; and that by doing so he entitled Willard, if he chose, to follow up the funds into the new investments and get the enhanced value.

This, of course, would depend upon the terms and objects of the arrangement, which, upon one theory, partakes of the character of a trust or fiduciary agency, and upon another theory is quite different.

Upon looking into the bill of exceptions it is found that the agreement was proved by a witness, Edgar M. Thomas, who, having given a brief and apparently imperfect statement of what occurred, was asked to state what was said, if any thing, as to the purpose for which Canfield was to sell the land.

This the court excluded upon an objection that the witness could not state any purpose, but must only relate what was said and done.

The question was properly framed for that very object, and was clearly admissible. That was the main thing, or one of the main things, to be ascertained. It might throw the clearest light on the other matters involved and explain what might be otherwise ambiguous. It is difficult to understand the exclusion, unless upon the notion that witnesses are to rehearse *verbatim*, and not to give the substance of what occurs and is said in the dealings to which they testify. But this is usually impossible, and those witnesses who give the most dramatic and exact narratives of what purports to be the precise language of others, can rarely be correct in the recital. Ordinary memories are incapable of such feats, and the rules of evidence should not be rendered worthless by overnicety. In the present case the death of one principal actor deprived the other of the right of testifying, and justice to both sides requires that no facts should be lost which bear on the truth of the claim or defense relied on.

The principal argument before us was based upon two different views of the contract. As we cannot anticipate what the facts may turn out to be, it would be useless to discuss either theory until it is established. It may be presumed that when all doubt is settled on the questions of fact the legal conclusions will be more readily reached.

The judgment must be reversed, with costs, and a new trial granted.

GRAVES, CH. J., and COOLEY, J., concurred.