## THEODORE J. BONDIE v. OLIVER BOURASSA, GUARDIAN.

*Judgment against sureties on appeal bond—Finding on settlement of guardian's account—Debts of ward to guardian—Debts for necessaries—Domestic relationship.*

On appeal from probate proceedings for the settlement of a guardian's account the sureties on the appeal bond cannot be included in the judgment.

The conclusions of the circuit court upon an appeal from probate proceedings for the settlement of a guardian's account, should take the shape of an order showing what is allowed and what is not, and providing that it be certified to the courts below.

If a guardian can include in the final settlement of his account a debt to him incurred by his ward before the guardianship began, he cannot do so where the debt had become barred by the statute of limitations before that period.

Where an uncle furnishes board and clothing to a minor nephew who afterwards becomes his ward, the liability therefor is a debt for necessaries and does not properly spring from the relation of guardian and ward.

Evidence that a minor was an admitted member of the same family as one who was afterwards made his guardian, and was provided for as such during a period for which the guardian afterwards sought to charge him for board and clothing, is admissible in a proceeding for the settlement of the guardian's accounts.

Error to Wayne. Submitted June 16. Decided June 22.

Appeal from the allowance of a guardian's claim against the ward's estate. The ward brings error. Reversed.

*Henry M. Cheever* for plaintiff in error.

No brief was filed for defendant in error.

GRAVES, J. This case originated in an application by Bourassa in the court of probate for a final settlement of his account as guardian for Bondie. The proceedings there seem to have been *ex parte*, and the account presented by Bourassa against his ward was allowed in full at $603.48; and Bondie appealed to the circuit court. Each party there brought forward an itemized account against the other and some kind of a case was made up for trial, and a hearing was had before a jury as in actions at common law. The account produced by Bourassa was treated as an entire claim in *assumpsit* and the account exhibited by Bondie was considered as in the nature of set-off.

Among the items charged by Bourassa was a claim for board and clothes furnished to Bondie from 1860 to 1865 and being eight years prior to the commencement of the guardianship. The jury gave their verdict that there was due to Bourassa for moneys laid out and expended by him as guardian, for Bondie's board, maintenance, support and clothing over and above all claims of every name and kind which Bondie had against Bourassa the sum of three hundred and fifty dollars, and that the same was due the said Bourassa upon his final account as guardian of said Bondie over and above all claims of every kind which said Bondie had against Bourassa.

There was no finding in regard to what items or demands were allowed or disallowed, although the sum awarded was nearly half less than the allowance by the probate court. The judgment entered is the ordinary judgment that the plaintiff recover, but it directs recovery of the "estate" of Bondie and also of Bouchard and Riopelle, the sureties in the bond for appeal.

The judgment is erroneous in form. If the case had been so shaped and conducted as to authorize a proper determination in the nature of a judgment, it should have assumed the form of an order showing the allowances and disallowances and providing for a transmission of the determination, by certificate, to the courts below. The inclusion of the sureties in the judgment was unauthorized: *Willard v. Fralick* 31 Mich. 432.

There was evidence tending to show that during the period from 1860 to 1865 for which Bourassa claimed to have provided Bondie with board and clothing, the latter was an admitted member of his grandmother's family and provided for in that character, and hence not liable to be charged by Bourassa for board and clothes. The court declined to allow this to be inquired into by the jury. The ruling was improper; but a more serious point is apparent here. If any liability arose from Bondie to Bourassa on account of the board and clothing from 1860 to 1865 it was a liability for a debt for necessaries and not a claim growing out of the relation of guardian and ward, which did not arise until several years later; and if it be admitted that under the doctrine of retainer it would be competent for a guardian to make the matter of a debt incurred to him by his ward before the guardianship a subject of adjustment on final accounting, it is nevertheless certain that Bourassa can derive no benefit from the principle.

The debt in question, in case there was any in Bourassa's favor, was barred by the statute of limitations nearly two years before the guardianship, and the amount would more than cover the allowance by the jury. Further detail is needless. The nature of the proceeding to settle a guardian's account has been entirely misconceived. The subject was very fully considered and explained in *Gott v. Culp*, 45 Mich. 265, and it is only necessary to direct attention to the opinion there given.

The proceeding in the circuit court must be reversed with costs and a new hearing allowed.

The other Justices concurred.