HARRISON H. REED ET AL. V. NELSON W. NORTHRUP,
EXECUTOR.

*Liability as agent for collection—Judgment against surety.*

A man bought an interest of $600 in a mortgage for $1000, and agreed
that in case of its prompt payment, when due, he would pay his
assignor $400 and interest. But the mortgager refused to pay it
unless $200 was deducted and it appeared that the property was
only good for $800 and that the deficiency could not be collected.
The assignee accordingly accounted for only $200. *Held*, in a suit
for the rest of the $400, that he was no more than a collecting
agent for plaintiff and that he had discharged his obligation.

Judgment cannot be rendered in the circuit court against a surety upon
an appeal from the decision of commissioners on claims against an
estate.

Error to Kent. (Montgomery, J.)    April 18.—April 25.

Appeal from disallowance of claim against estate. Claim-
ant brings error. Affirmed in part.

*John C. Quinsey* and *H. J. Felker* for appellant. Sum-
mary judgment cannot be given against a surety on an
appeal from commissioners on claims in the probate court,
without a proper and separate action for that purpose:
Freeman on Judgments § 72; *Montgomery v. Merrill* 36
Mich. 97.

*Blair, Kingsley & Kleinhans* for appellee.

CAMPBELL, J.    This controversy arose out of a claim
against James Mortimer Smith for a balance alleged to
remain unpaid by him as holder of an assigned mortgage,
in which plaintiff was interested in part.

On the 9th of July, 1874, Smith purchased of plaintiff an
interest of $600 in a mortgage for $1000, made by John
Jebb. The mortgage was thereupon assigned to Smith,
who agreed, in case of its prompt payment, to pay back to
plaintiff $400 and interest thereon. But it was further pro-

vided that if Smith had any delay or expense in collecting he should be paid therefor.

When the mortgage became due Jebb refused to pay it unless $200 should be thrown off. The court finds that the property was only good for the balance, and that no deficiency could have been collected of him. Smith, in consideration of this state of things, threw off $200 and collected the balance, for which he accounted.

We can see no reason why this did not discharge Smith's obligation. He was no more than a collecting agent for plaintiff of the balance over his own interest in the mortgage, and did all that under the circumstances was possible. The judgment was therefore correctly given in favor of respondent against claimant.

But the judgment which was rendered against the surety on the appeal bond was not authorized by law. *Willard v. Fralick* 31 Mich. 431.

The judgment as to McCrath, the surety, must be reversed with costs. As to Reed, it must be affirmed with costs.

The other Justices concurred.