FRANKLIN A. BOOTH, EXR. v. GEORGE W. RADFORD, ADMR.

*Estates of decedents—Funeral expenses—Judgment against sureties on appeal.*

1. Funeral expenses, like the expenses of the last sickness, rank as a preferred claim against the estate, and may properly be allowed by commissioners; and the allowance of both as one item, though irregular, will not be invalid if the whole is to be paid to one claimant.

2. Sureties upon an appeal in proceedings for the settlement of an estate cannot be included in a final judgment against the appellant.

Error to Wayne. (Chambers, J.) May 14.—June 17.

Appeal from disallowance of claim against estate. Claimant's executor brings error. Reversed.

*Cutcheon, Crane & Stellwagen* for appellant.

*Geo. W. Radford* for appellee. Funeral expenses are not created by contract with the deceased, and cannot be united with causes of action arising upon the contracts of the deceased : *Ferrin v. Myrick Admr.* 41 N. Y. 315; *Samuel v. Thomas* 51 Wis. 549; a count on a promissory note of the executor given in payment of funeral expenses cannot be joined with a count upon the promise of the testator : *Patterson v. Patterson* 59 N. Y. 582; *Campfield v. Ely* 13 N. J. L. 150.

- Champlin, J. Samuel B. Scott died on the 7th day of April, 1878, leaving a last will and testament, in which he directed (1) the payment of his debts; and (2) he devised to his wife, Mary A. Scott, all the residue of his estate, and appointed her sole executrix of his will. The will was admitted to probate, September 3, 1878. His widow qualified as executrix, but not as residuary legatee. September 3, 1878, commissioners were duly appointed to hear, examine and adjust all claims against said estate. They duly qualified, gave the notices required by law of the time and place of their meeting, and filed their report, December 8, 1879. They allowed a claim in the words and figures following, viz. : " Mrs. Mary A. Scott, preferred claim for expenses of last sickness and funeral, $1604.89." The whole amount of claims allowed was $12,529.44. No appeal was taken from said report, and no part of said claim allowed Mrs. Mary A. Scott was ever paid. Said Mary A. Scott was married August 1, 1881, to one Robert McElrath. She died August 6, 1882, and the appellant is the executor of her last will and testament.

July 5, 1882, the appellee was duly appointed administrator de bonis non, with the will annexed, of the estate of Samuel B. Scott, deceased. His final account as such administrator was allowed February 4, 1884, and the amount due from him to said estate is $6006.95. February 9, 1884, the appellant petitioned the probate court for Wayne county that said preferred claim be paid in full, and that the other claims be paid pro rata. March 12, 1884, the probate court made an order that the appellee " pay over the residue of said estate to the creditors of said deceased in proportion to their respective claims excepting from such pro rata payment the claim of Mary A. Scott, allowed as a preferred claim by the commissioners on claims against said estate." From this order appellant appealed to the circuit court for the county of Wayne. February 2, 1885, said circuit court rendered judgment that said order of the probate court be affirmed with costs, and that judgment for costs be rendered against the appellant and the sureties on the appeal-bond. Appel-

lant insists that this judgment is erroneous, because (1) the finding of facts does not support the judgment; (2) said circuit court erred in refusing to order said preferred claim to be fully paid, with interest; (3) said circuit court erred in refusing to order that part of said preferred claim which had been allowed for the expenses of the last sickness to be fully paid; (4) said circuit court erred in rendering judgment for costs against the sureties on the appeal-bond.

The dispute in this case is confined to narrow limits. The judge of probate ignored the claim allowed to Mrs. Mary A. Scott, in his order for final distribution, because it appeared to be for expenses of the last sickness, and also for funeral expenses, united in one item, with nothing to distinguish how much thereof was for expenses of last sickness, and how much for funeral expenses. For this reason it is claimed that the action of the commissioners on claims was a nullity, and no part of the item can be recognized as a legal claim against the estate. It is not contended that in general the expenses of the funeral, as well as those of the last sickness, are not legal claims against the estate, but that it is only the latter that the commissioners are authorized by the statute to pass upon; that the funeral expenses are a charge upon the assets in the hands of the executor or administrator, and must be passed upon and allowed by the probate court.

The objection made to the payment of the claim we regard as technical, and based upon a construction of the statute which is too rigid, and contrary to that commonly accepted in practice in the probate courts of this State. The statute designates both the charges for the last sickness and for funeral expenses as charges against the estate, and distinguishes them from expenses of administration. They are both made preferred claims, and rank next to the expenses of administration. We regard the funeral expenses as proper to be passed upon and allowed by commissioners on claims as being a charge against the estate. In this case they were so presented and allowed, and no appeal having been taken from such allowance the person now representing such claim is entitled to be paid according to the priority provided by

the statute.    As the expenses of the last sickness and the funeral expenses were both allowed to the same person, no difficulty can arise in ordering payment on account of one having priority of payment over the other under the statute, and the amount due for each purpose being unascertained. The account presented to the commissioners should have shown how much was for expenses of last sickness, and how much for funeral expenses; and it may have been so—the record does not disclose the items or form of the account presented to the commissioners, but merely the allowance. The fact that it was allowed and reported by the commissioners in one item is not fatal to its validity or payment out of the assets of the estate.    We are all agreed that the commissioners had jurisdiction to pass upon the claim of funeral expenses as a debt due from the estate.    The action of the court in awarding costs against the sureties in the appeal-bond cannot be sustained.    The point has been repeatedly passed upon in this Court.    *Willard v. Fralick* 31 Mich. 431; *Bondie v. Bourassa* 46 Mich. 321; *Reed v. Northrup* 50 Mich. 442.

The order of the circuit court for the county of Wayne is reversed, and it must be certified to the circuit and probate courts for the county of Wayne that the order of distribution and payment of claims must be so modified as to require the administrator de bonis non, with the will annexed, to pay the claim allowed by the commissioners to Mrs. Scott for expenses of last sickness and funeral expenses as a preferred claim, in accordance with the statute in such case made and provided. The appellant will recover his costs of both courts.

SHERWOOD and CAMPBELL, JJ., concurred.    COOLEY, C. J. did not sit.