ISAAC N. DAUBMYRE and AMERICAN SURETY COMPANY of New York, *Plaintiffs in Error,* vs. W. L. HUNTER, *Defendant in Error.*

144 So. 408.

Division B.

Opinion filed September 30, 1932.

Petition for rehearing denied November 4, 1932.

*Stuart MacKenzie* and *J. W. Watson, Jr.,* for Plaintiffs in Error;

*Price, Price & Hancock,* for Defendant in Error.

PER CURIAM.—The American Surety Company became surety on a supersedeas for $10,000.00 given to comply with an order of the Court reading as follows:

"THIS CLAUSE coming on to be heard upon the application of the complainant for an order of supersedeas from the final decree and judgment entered in this cause on January 30th, 1922, and to fix the conditions of the bond to be given, and the said final decree and judgment being other than a money judgment and the court believing that the said application for a supersedeas should be granted, and counsel for both parties agreeing that a bond of Ten Thousand Dollars ($10,000.00) to be given by the complainant would be sufficient.

IT IS THEREFORE ORDERED AND ADJUDGED by the Court that upon the said complainant, Isaac N. Daubmyre, executing a bond with good and sufficient surety for the sum of Ten Thousand Dollars ($10,000.-

00) in favor of the defendant, W. L. Hunter, conditioned to pay all costs and damages which the said defendant, W. L. Hunter may sustain in case the said appeal should be affirmed by the Supreme Court, said bond to be approved by the Clerk of the Circuit Court of Dade County, that the same shall operate as a supersedeas and stay all proceedings in the said cause.

DONE AND ORDERED at Miami, Florida, this 4th day of February, 1922.

H. PIERRE BRANNING<br>Circuit Judge.''

The suit in which the supersedeas order had been made was instituted on January 30, 1922, upon the chancery side of the Court. In that cause, Isaac N. Daubmyre, as complainant, sued W. L. Hunter for specific performance of certain alleged contracts and agreements with reference to the execution and delivery of a 99 year lease, which lease covered land which complainant Daubmyre had come into possession of by virtue of a certain five years lease which expired on October 6, 1921. Daubmyre, over the protest of Hunter, retained possession of the premises, asserting a right or title thereto and right of possession thereof under the purported contract for a 99 year lease which was the basis for the specific performance suit.

The bill for specific performance was dismissed on its merits. The relief sought having been denied, complainant Daubmyre took an appeal to this Court and applied for an order of supersedeas to enable him to remain in possession of the disputed lands while the appeal was pending and until its outcome should be determined by the Supreme Court.

The supersedeas bond which was given pursuant to the court order was conditioned as follows:

''The Condition of the above and foregoing obligation is such that WHEREAS in the Circuit Court of the Eleventh Judicial Circuit of the State of Florida, in and for Dade County, in Chancery, in the cause entitled

Isaac N. Daubmyre, complainant, versus W. L. Hunter, defendant, and numbered 3641, on the docket of said court, a final decree was made and entered dismissing the said suit of the said Isaac N. Daubmyre, complainant, and entering a final decree and judgment for W. L. Hunter, defendant, in said cause, which said judgment is other than a money judgment and from which said final decree and judgment the said complainant, Isaac N. Daubmyre, has appealed to the Supreme Court of the State of Florida, and applied for and obtained a supersedeas from the Judge of the Circuit Court of the said Dade County, Florida, aforesaid.

NOW, if the said Isaac N. Daubmyre shall well and truly pay all costs and damages which the said defendant, W. L. Hunter, may sustain in case the said appeal should be confirmed by the Supreme Court, then this obligation to be null and void, otherwise to remain in full force and virtue.''

The decree appealed from was affirmed and this judgment brought before the Court for review on writ of error, is a judgment for $8,333.33 which was recovered in a suit by the appellee, Hunter, brought against the surety on the supersedeas bond.

A majority of the Court are of the opinion that the judgment rendered on the bond should be affirmed for the reasons hereinafter stated.

Here there was a decree dismissing a bill for the specific performance of an executory contract to execute a lease for 99 years. The appellant was in possession of the premises under a short term lease, when the specific performance suit was filed. But this short term lease expired prior to the entry of the decree dismissing the bill and the appellant held over from the expiration of the short term lease until the final decree which was superseded by the order and bond, was affirmed by the Supreme Court. The holding of the trial Court in the common law suit on the bond was, that the obligee on such appeal bond could recover damages on the $10,000.00 supersedeas bond for the use and occupa-

tion of the premises by the appellant pending the appeal.

The question of damages and the amount thereof, if any, recoverable on a supersedeas bond, is dependent for its solution on the condition of the bond, interpreted in the light of the statute and order of court under and by virtue of which it was given.

The bond in question was given pursuant to the statute (Sections 4621, 4962 C. G. L., 2911, 3170, R. G. S.) and the order of the Court allowing the appeal to operate as a supersedeas and fixing the amount of the bond.

The condition of the bond in this case was to pay all costs and damages which W. L. Hunter, the appellee in the appeal, might sustain in case the said appeal should be "confirmed" by the Supreme Court. The *order of court* pursuant to which the appeal bond was given was to give a bond "conditioned to pay all costs and damages which the said defendant, W. L. Hunter, may sustain in case said appeal should be affirmed by the Supreme Court."

Both the order of Court, and the condition as set forth in the bond, should be construed and read together, since the parties who were shown to have executed, filed and had approved a supersedeas bond, must be presumed to have given the kind of bond required by the statute and the order of the Court, and are estopped to deny that such a bond was given, after having obtained and enjoyed the benefit of a supersedeas on the strength of apparently having given the approved bond that the law and the Court required to be given to make the supersedeas effective.

The trial judge decided in the cause below that the bond sued on was to be construed as covering damages for the use and occupation of the premises involved, while the supersedeas remained in force. Such construction will be followed by this Court unless demonstrated to be clearly wrong. Helie v. Wickersham, 103 Fla. 254, 137 Sou. Rep. 226;

The amount of the bond was $10,000.00, which on the face of things suggests notice to the principal and surety that more than the mere payment of the costs in the chancery cause was to be covered by it.

The words "damages which the said defendant, W. L. Hunter, may sustain in case said appeal should be affirmed by the Supreme Court" construed in connection with the record, the application for supersedeas, and the construction which the parties themselves obviously placed on the effect of the supersedeas as holding the complainant in possession of the premises pending the appeal because the subject of the suit was an alleged 99-year lease of those premises, are susceptible of the construction placed on them by the trial Judge in allowing recovery of damages for use and occupation, and if there is any ambiguity or doubt in the matter, it was rightfully resolved against the said surety on the bond, which in such cases is to be construed most strongly against the surety on the principles of law applicable to paid sureties, as heretofore approved by us. National Surety Co. v. Williams, 74 Fla. 446, 77 Sou. Rep. 212; Tapping v. McIntosh, 104 Fla. 715, 140 Sou. Rep. 773.

Sureties on supersedeas bonds are presumed to have contracted with reference to *damages* which are the natural and proximate result of the appeal operating as a supersedeas for the purpose for which the bond was applied for and given, which in this case was to preserve the complainant in possession under his claim of right to a 99-year lease, until that claim was decided by the appellate court.

Complainant remained in possession pending the appeal, and did so by virtue of his claim of right to do so because of the order of supersedeas and the supersedeas bond he had given, plainly to that end, else no supersedeas was necessary. Complainant under the law required no supersedeas to "stay all further proceedings" except proceedings to oust him from possession by virtue of the decree

dismissing the suit for specific performance and thereby ending his further claim of right to continued possession. The subject matter of this suit passed to' the exclusive jurisdiction of the Supreme Court after the appeal was entered and supersedeas granted, and on such appeal the Supreme Court had. authority to reverse the decree and make a contrary decree for the complainant granting the relief sought. McMichael v. Eckman, 26 Fla. 43, 7 Sou. Rep. 365.

*Nemine contradicente* the record has demonstrated the amount of damages allowed in this case is the amount of damages which Hunter actually sustained by the use and occupation he lost.

Affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J. AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., dissents.

BROWN, J., dissenting.—The question of possession was not involved in the specific performance suit; hence damages for possession were not recoverable on the supersedeas bond given on the appeal in that case.