A. RAY KATZ, *Appellant,* vs. H. M. KATZ and ADELE P. KATZ, his wife, E. D. KATZ and ETHEL M. KATZ, his wife, C. S. PARTIN, F. B. POWELL, LAURA E. FOX and ALFRED H. FOX, her husband, and B. G. HANCOCK, HERMAN J. SCHMIDT, and J. A. MINICK, as Trustees of Special Road & Bridge District No. 4, Osceola County, Florida, *Appellees.*

STATE OF FLORIDA, ex rel., A. RAY KATZ, Relator, vs. FRANK A. SMITH, as Judge of the Circuit Court of the 17th Judicial Circuit, et al., *Respondents.*

144 So. 410.

Division B.

Opinion filed November 14, 1932.

Petition for rehearing denied December 3, 1932.

*O. S. Thacker,* for Appellant and Relator;

*Johnston & Rogers,* for Appellees and Respondents.

PER CURIAM.—The first of the above cases is an appeal from a final decree in a mortgage foreclosure case, brought to this Court by A. Ray Katz, one of the intervening defendants therein who was held to be a third mortgagee in the course of settling the priority of the liens of two other mortgages embraced in that case. The second case is an original proceeding in prohibition filed in this Court by A. Ray Katz, as relator, in aid of, and as ancillary to, his appeal in the first case referred to.

Because of their inter-related character, the two cases, one an appeal in chancery, and one an original proceeding in prohibition ancillary thereto, will be consolidated here and disposed of by one opinion.

H. M. Katz and Adele P. Katz, his wife, E. D. Katz and Ethel Katz, his wife, were owners of a piece of property in Osceola County upon which they executed three successive mortgages. The first of these was a mortgage dated September 6, 1924, for $2,500.00, which was later assigned to the Trustees of Special Road & Bridge District No. 4, of Osceola County, as security for certain public moneys deposited by them in an Osceola County Bank which later became defunct; the second was a mortgage for $1,500.00 dated August 4, 1925, which was later assigned to the appellee, C. S. Partin; the third was a mortgage for $13,480.63 dated July 12, 1926, made payable to the appellant A. Ray Katz.

Foreclosure suit was brought by Partin to foreclose his mortgage against the above named original mortgagors. The holders of the other two mortgages intervened and raised the question of priorities. The Court after settling the pleadings and taking testimony and considering the case on its merits at final hearing, decreed that the Partin mortgage was a first.lien, the Trustees mortgage was a second lien and the A. Ray Katz mortgage was a third lien. The latter being dissatisfied with the court's holding that he was simply a third lienor, and claiming that he was entitled to be classed as a first mortgagee as against both Partin and the Trustees, appealed to this Court from the final decree.

In the meantime, the Trustees, who as defendants in the suit just mentioned, had been declared a second and subordinate mortgagee as to Partin, but a prior mortgagee as to A. Ray Katz, the appellant in the first case, started an independent foreclosure suit to foreclose their second mortgage as against A. Ray Katz, who had been, in said first case, adjudicated a third mortgagee.

Katz, the appellant in the first case which had fixed the priorities as between all the parties, but had not foreclosed any but the first (Partin) mortgage as against the Trustees and Katz, thereupon applied to this Court for a writ of prohibition to restrain the Circuit Judge from proceeding with the Trustees' foreclosure suit while the appeal of Katz from the Partin foreclosure was pending in this court undisposed of. In the application for the rule nisi in prohibition it was alleged that, since the appeal in the Partin case vested this Court with jurisdiction to finally decide all the priorities as between all parties in interest, that is to say, appellees Partin, The Trustees (complainants in the second case) and A. Ray Katz, appellant in the first case and defendant in the Trustees foreclosure suit (second case), that the Circuit should be prohibited from taking

any further proceedings in the second foreclosure case looking toward giving effect to its adjudication that the appellant in the first case was a third mortgagee, until the appeal in that first case had been disposed of. Rule *nisi* was granted and the matter of discharging the rule is before us at this time.

It has not been demonstrated on the appeal before us in the first case, that the Chancellor erred in adjudging the priorities as he did. *Prima facie* A. Ray Katz showed by his own pleadings that he had taken a mortgage which was third in point of time both as to its execution and recordation. This showing was confirmed by the testimony. It was therefore his duty when he voluntarily intervened in the foreclosure proceedings filed by Partin as against the original mortgagors, to allege and prove that such equitable circumstances had transpired as to exalt his *prima facie* third mortgage to the position of a first mortgage as against the other two preceding mortgages. This he failed to undertake to do, and indeed, his major complaint on this appeal is that the Court below erred in not holding that the burden in this respect was on Partin, the original complainant. The answer and counterclaim he filed was one in confession and avoidance of the giving of the two preceding mortgages and their recordation prior to that of the answering defendant and counter claimant. The prior execution and recordation having been admitted, the alleged equities set up in the answer and counter-claim to show that the situation was thereafter changed under such circumstances as to make a different relationship between the mortgages, imposed a duty on the defendant averring such equities to establish the same by proof. This burden was not met, and indeed the evidence adduced before the Chancellor is sufficient to warrant a finding of all the facts necessary to have been found to support a decree fixing the equities as they were fixed between the parties, even

had the burden been on the complainant Partin to affirmatively overcome the allegations of the answer and counterclaim of A. Ray Katz before Katz himself had established sufficient facts to overcome the *prima facie* effect of the admissions as to prior execution and recordation of the Partin and Trustees mortgages.

The Chancellor decided that Partin had established by proof the essential averments of his bill which were necessary to entitle him to foreclosure as a first mortgagee.

Our view of the evidence as shown by the transcript has convinced us that no error was committed by the Circuit Judge in reaching that conclusion. And having reached that conclusion, the court properly entered as against the original mortgagors and the intervening defendants, a final decree of foreclosure for Partin declaring him to be a first mortgagee, leaving the merits of the cases as between the second mortgagee and the third mortgagee to be litigated between them after fixing their relative positions with respect to the controversy before the court.

If there are moneys in the hands of the receiver which are available to be applied to the reduction of the mortgage debt, the application of such moneys is a matter which may be dealt with in a subsequent decree. The final decree might have properly directed the application of such moneys, but it was not necessarily error for the court to fail to make such provision in the final decree, especially in the absence of some special application by an interested party requesting that the matter be dealt with and included in the final decree of foreclosure, instead of by some subsequent order.

We therefore hold that there is no error in the final decree appealed from in the first case and consequently that such decree should be affirmed.

This holding on the appeal makes a continuance of the *rule nisi* in prohibition no longer necessary to protect any

right of the relator in that proceeding, since the appellant in the first case is the relator in the second case. Therefore the *rule nisi* in prohibition is discharged and that proceeding dismissed at the cost of relator.

Affirmed as to proceedings on appeal, and ancillary *rule nisi* in prohibition discharged and proceeding dismissed.

WHITFIELD, P.J. AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J. AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.