HARRY A. KAHN v. AMERICAN SURETY COMPANY OF NEW YORK.

162 So. 335.

Division B.

Opinion Filed June 10, 1935.

*Mitchell D. Price* and *Charles W. Zaring, Stafford Caldwell, Robert J. Boone* and *Jack R. Kirchik,* for Plaintiff in Error;

*Stuart MacKenzie,* for Defendant in Error.

TERRELL, J.—In January, 1929, Charles Izenstark, Inc., as complainant, recovered a final decree against the defendant, Tropical Estates Corporation, in a suit to foreclose an equitable lien. In addition to the final decree foreclosing

the lien the court found and adjudicated Tropical Estates Corporation to be indebted to Charles Izenstark, Inc., in the sum of $56,795.06, and included a judgment for that sum in his final decree. From said final decree Tropical Estates Corporation entered an appeal to this Court and posted its supersedeas bond conditioned to indemnify Charles Izenstark, Inc., for costs, damages, expenses, and attorneys' fees in the event the cause was dismissed or affirmed by this Court.

After the final decree was entered but before the appeal was taken, Charles Izenstark, Inc., employed counsel and agreed to pay them a fee of $5,000.00 to represent it in said appeal before the Supreme Court. Subsequent to the execution of the contract for attorney's fees Charles Izenstark, Inc., assigned its final decree to Harry A. Kahn who ratified the agreement of Charles Izenstark, Inc., as to attorneys' fees and agreed to assume same. A part of the consideration for the assignment of the final decree was to save Charles Izenstark, Inc., harmless from any costs and charges, including attorneys' fees.

The final decree of the Circuit Court in said cause was in due course affirmed by the Supreme Court, and in February, 1933, Harry A. Kahn filed his declaration in this action against American Surety Company of New York, the surety on the supersedeas bond in the chancery suit. The declaration was in eleven counts, nine counts were common counts on which issue was joined but they were in effect abandoned at the trial as no evidence was offered in support of them. The first count of the declaration was based on an express contract for the payment of attorneys' fees, and the second count was based on an implied contract for the payment of attorneys' fees, resting in *quantum meruit*. After much pleading which is not material to the issue raised here the

cause went to trial on the plea of *non-damnificatus* to the first and second counts and the plea of the general issue to all other pleas. At the trial no material evidence was submitted except as to the count for attorney's fees. The jury returned a verdict for the plaintiff in the sum of $5535.00 on which final judgment was entered. Motion for new trial was seasonably made by the defendant and granted, to which the instant writ of error was prosecuted.

The sole error assigned and with which we are concerned here is the propriety of the order granting the new trial. To answer the question raised we are required to determine whether or not under the facts presented Kahn was indemnified for attorneys' fees by the supersedeas bond.

This Court indulges the presumption that when granted, motions for new trial are proper. The rule supporting such presumption is that there are so many matters occurring in the course and progress of a judicial trial that, in the opinion of the judge who tried the case, may effect the merits and justice of the cause to the substantial injury of one of the parties that of necessity a large discretion should be accorded to the trial court in granting a new trial, to the end that the administration of justice may be facilitated. The appellate court will not reverse an order granting a new trial, unless it clearly appears that a judicial discretion has been abused in its exercise, resulting in injustice, or that some settled principle of law has been violated. Farrell v. Solary, 43 Fla. 124, 31 So. 283; Gulf Refining Co. v. Howard, 82 Fla. 27, 89 So. 349; Waters Realty Co. v. Miami Tripure Water Co., 100 Fla. 221, 129 So. 763; Ruston v. Green, 91 Fla. 434, 167 So. 368, 108 So. 846; Hainlin v. Budge, 56 Fla. 342, 47 So. 825; Louisville & N. R. Co. v. Wade, 49 Fla. 179, 38 So. 49. In the case at bar this rule and presumption supporting it is not applicable because the

trial judge wrote an opinion in which he gave the reasons for his judgment. If his reasons violated a settled principle of law his judgment must be reversed.

. The propriety of the order granting a new trial turns on the question of whether or not Kahn, the plaintiff in error who was plaintiff below, should be allowed to recover his attorneys' fees in this cause on the basis of the supersedeas bond given by Tropical Estates Corporation in the equity suit to Charles Izenstark, Inc., Kahn's assignor.

This Court is committed to the doctrine that the payment of reasonable attorneys' fees for the appellees may in proper cases be made the condition of a supersedeas bond to indemnify the appellee for expenses and damages incurred by reason of the appeal should the order be affirmed or the appeal dismissed. Lawson v. County Board of Public Instruction, 114 Fla. 153, 154 So. 170. See also Wittich v. O'Neal, 22 Fla. 592; Fidelity and Deposit Co. of Maryland v. Aultman, 58 Fla. 228, 50 So. 991; Gonzales v. DeFuniak Havana Tobacco Co., 41 Fla. 471, 26 So. 1012.

The supersedeas bond in question was given by Tropical Estates Corporation in the chancery suit to indemnify Charles Izenstark, Inc., for costs, damages, expenses, and attorneys' fees. Harry A. Kahn, Charles Izenstark's assignee, brings this action to recover on the bond. If the obligation of the bond was an incident to the assignment of the final decree or if the obligation of the bond was otherwise vested in Kahn so that he could maintain an action in his own name for the attorneys' fees he should be allowed to recover on it.

The defendant in error insists that Kahn had no right to sue and recover on the supersedeas bond, that if such right existed it belonged to the named obligee, Charles Izenstark, Inc., that the bond is one of indemnity and under the facts

alleged in the declaration, as supported by the evidence, Charles Izenstark, Inc., could suffer no damage by reason of the appeal and supersedeas. Defendant in error further insists that even if the court should hold that the assignment of the final decree carried with it as an incident the supersedeas bond, the right to claim attorneys' fees was not an incident that passed with it.

This contention of defendant is based on the interpretation by the trial court of the opinion of this Court in Daubmyre v. Hunter, 106 Fla. 858, 144 So. 408.

In Daubmyre v. Hunter we held that the question of damages and the amount thereof, if any, recoverable on a supersedeas bond, is dependent for its solution on the condition of the bond, interpreted in the light of the statute and order of court under and by virtue of which it was given.

We also hold in the Daubmyre case that "Both the order of court and the condition as set forth in the bond should be construed and read together, since the parties who were shown to have executed, filed, and had approved a supersedeas bond must be presumed to have given the kind of bond required by the statute and the order of the court, and are estopped to deny that such a bond was given, after having obtained and enjoyed the benefit of a supersedeas on the strength of apparently having given the approved bond that the law and the court required to be given to make the supersedeas effective.

"Sureties on supersedeas bonds are presumed to have contracted with reference to 'damages which are the natural and proximate result of the appeal operating as a supersedeas for the purpose for which the bond was applied for and given.'"

The trial court held that the concluding lines thus quoted from the Daubmyre case materially restricted the scope of

the supersedeas bond, or to quote from the trial judge's opinion, this Court did not give the bond a literal interpretation and thereby confine the plaintiff to such damages as he may have sustained by reason of the mere affirmance of the appeal. In other words, said trial court, this Court refused to interpret the bond literally but in effect wrote into it the words, "by reason of said appeal while operating as a supersedeas," the effect of which was to hold that damages occasioned by the supersedeas could be recovered upon the supersedeas bond, although the literal terms of the bond did not so provide.

We do not think the opinion in the Daubmyre case bears this interpretation. Such an interpretation would limit all supersedeas bonds to damages which are the natural and proximate result of the appeal, when it is well settled that they may be made, as in this case, to secure other and additional damages. All opinions must be read with the facts in view that actuated them and these may lead to a literal interpretation. At any rate, the bond must be interpreted in the light of the statute and order of the court under and by virtue of which it was given. When possible to do so the words employed in the bond will be given their common literal meaning.

Section 2911, Revised General Statutes of 1920, Section 4621, Compiled General Laws 1927, provided for supersedeas bonds in this state and requires that their amount and conditions shall be fixed by the Circuit Judge when the judgment to be superseded is in whole or in part other than a money judgment. The amount and condition of such bonds is determined by the facts of the particular case.

Pursuant to the foregoing statute and an order made for that purpose by a member of this Court the trial judge

made the following order for supersedeas bond on April 1, 1920:

"It is now, therefore, adjudged and decreed that upon the Appellant, The Tropical Estates Corporation, a corporation authorized to transact and do business in the State of Florida, giving and filing a bond and security in the sum of Seventy-five Hundred ($7500.00) Dollars, payable to the said Charles Izenstark, Inc., its successors and assigns, and conditioned to pay to the said Charles Izenstark, Inc., its successors and assigns, all costs, damages, expenses, and attorneys' fees which may be incurred by the said Charles Izenstark, Inc., in event the said appeal is dismissed or the cause affirmed by the Supreme Court."

In compliance with the said order of the trial court Tropical Estates Corporation filed its supersedeas bond with American Surety Corporation of New York as surety, the pertinent part of which is as follows:

"Now, therefore, the condition of this obligation is such that if the Tropical Estates Corporation shall well and truly pay all costs, damages, expenses, and attorneys' fees incurred by the complainant, Charles Izenstark, Inc., by reason of said appeal, if the same should be affirmed by the Supreme Court of the State of Florida, or if the same should be dismissed, then this obligation to be void, otherwise to remain in full force and effect."

An inspection of the order of the trial judge and the face of the bond as quoted discloses that the defendant in error bound itself to pay "all costs, damages, expenses, and attorneys' fees which may be incurred by Charles Izenstark, Inc., in the event said appeal is dismissed or the cause affirmed by the Supreme Court." Certainly defendant in error bound itself for attorneys' fees to Charles Izenstark, Inc., but did this right pass to its assignee? Defendant in

error contends that even though Kahn be the assignee of Charles Izenstark,. Inc., he cannot recover attorneys' fees on the bond because such right was exclusive in the latter and there is no showing of damage or loss to Charles Izenstark, Inc., by reason of the affirmance of the chancery cause. Defendant in error also contends that the right to claim attorneys' fees by the assignee was not an incident to the bond.

Attorney's fees are not generally construed. as costs but they are so closely allied to costs that they may be considered as incident to damages sustained by appellee by reason of an appeal. The bond involved here in terms indemnified for payment of attorneys' fees. All other damages were eliminated at the trial. The bond and judgment are distinct obligations but both are property and are assignable. The assignment of the judgment was the basis of this suit but whether or not the assignee of the judgment acquired any right in the supersedeas bond is challenged.

The fact that the appeal was taken and the bond posted after the judgment was assigned is not material. The salient facts are that Charles Izenstark, Inc., had a judgment which was appealed from and supersedeas bond was posted to indemnify it for attorneys' fees and other costs in the event of dismissal or affirmance by the Supreme Court. Charles Izenstark, Inc., assigned the decree appealed from to Kahn who agreed to save him harmless from any costs, charges, or attorneys' fees, all of which was a part of the consideration for the assignment.

Before the appeal was taken but after the final decree was entered Charles Izenstark, Inc., employed counsel and agreed to pay them $5000.00 to protect his interest in the appeal to the Supreme Court. On the day Kahn took the assignment of the decree he reemployed the same counsel

that had been retained by Charles Izenstark, Inc., on like terms. The attorneys' fee was incurred before the bond was given. In July, 1932, Charles Izenstark, Inc., and Harry A. Kahn entered into an agreement under seal, whereby the former conveyed to the latter all moneys due and payable to it under the terms and conditions of the supersedeas bond and approved the payment of the fee of $5000.00 to counsel for Kahn. The final decree was affirmed and there is no charge or intimation that the fee charged was exorbitant.

Defendant in error contends and this was the ground on which the new trial was granted, that the supersedeas bond to Charles Izenstark, Inc., was given solely for the purpose of protecting it against any damages occasioned by granting the supersedeas bond and not against damages ascertained by taking the appeal. Any act, judgment, or proceeding which of its own force and effect produces a suspension or stay of proceedings in a cause is a supersedeas. When we say that an appeal or writ of error acts as a supersedeas we mean that it suspends the proceedings below in the same manner that an order of supersedeas does. The bond in this case was given to indemnify against payment of attorneys' fees. The plain words of the bond and the order of the court fixing its terms and conditions make it indemnify Charles Izenstark, Inc., its successors and assigns, for attorneys' fees. The face of the bond does not follow literally the order of the court but will be considered as having that effect. Under our statute courts have a very broad discretion in fixing the terms and conditions of supersedeas bonds and so long as within the law they should be construed to require and enforce what the parties intended when they were executed.

An examination of the order of the court and the face of

the bond leaves no doubt whatever about what the parties intended to indemnify against. Charles Izenstark, Inc., was empowered to assign his right in the supersedeas bond. The record discloses that it in effect made such assignment by parole when the judgment was assigned and that later, in July, 1932, a written assignment of it under seal was made.

If such a course of dealing did not vest plaintiff in error with full and complete interest in the supersedeas bond it at least was sufficient to make him the main party in interest, entitling him to maintain this action. Section 2561, Revised General Statutes of 1920, Section 4201, Compiled General Laws of 1927.

The order granting the new trial is reversed, with directions to the Circuit Court to enter final judgment for plaintiff upon the verdict, unless a motion in arrest of judgment, or for judgment *non obstante veridicto,* shall be made and prevail.

Reversed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.