History: This is an appeal from final judgment against the defendant-appellants, Melvin Bernstein and The Fidelity and Deposit Company of Maryland, in the amount of $3,738.91, based upon an action upon a supersedeas bond which was posted by Melvin Bernstein, as principal, and his surety, as a condition to obtaining a stay of the sale of certain real property. The judgment on the supersedeas bond was based upon an award of $3000 as attorneys' fees and $707.41 as interest on the final decree which was stayed as against the property of Melvin Bernstein.
Upon motion and citation for judgment made by Florence Bernstein, the judgment was entered based upon attorneys' fees and interest, and Melvin appealed. The interest was on the principal debt owed by Nathan to Florence, and the attorneys' fees were incurred by Florence.
The final decree, dated January 21, 1948, had been based upon a suit instituted by Florence Bernstein against Nathan Bernstein for separate maintenance and to establish a gift of certain real estate, a home, title to which had been taken in the name of Melvin Bernstein. The Court in its final decree granted a judgment against Nathan Bernstein in the total amount of $13,800, consisting of $7,500 awarded as counsel fees to the attorneys for the plaintiff and $6,300 for alimony accrued to the plaintiff. The Circuit Court then ruled that, although title to the real property was held by Melvin Bernstein, it was a fraudulent conveyance to Melvin Bernstein by Nathan Bernstein in fraud of the marital rights of Florence Bernstein, and the property should be sold to satisfy the final decree in the amount of $13,800 awarded against Nathan Bernstein.
Melvin Bernstein entered an appeal and applied to the Court to stay the sale of the property pending the hearing of his appeal. No appeal was taken by Nathan Bernstein.
The Court granted the stay of the sale conditioned upon Melvin Bernstein's posting a supersedeas bond "conditioned to pay to the plaintiff, Florence Bernstein, all costs, damages and expenses, including attorneys' fees which may be incurred by said Florence Bernstein in the event said appeal is dismissed or the cause affirmed by the Supreme Court." The defendant, Melvin Bernstein, filed the supersedeas bond conditioned as provided in the order of the Circuit Court. This Supreme Court affirmed the final decree of the lower court in a per curiam opinion, Fla., 40 So.2d 581.
The property in question, which the final decree required to be sold to pay the final judgment of $13,800 (including the $7,500 attorneys' fees awarded to counsel for plaintiff, Florence Bernstein), against Nathan Bernstein, was sold by the Master. The Master sold the real property for $18,500, or approximately $4,000 more than the amount of the final judgment against Nathan Bernstein.
Question: The question is whether Melvin Bernstein is liable under the appeal bond for the attorneys' fees reasonably incurred by Florence Bernstein on the appeal and for interest on the decree for money against her husband, Nathan Bernstein.
Appeals in cases in equity lie only from a final decree, with certain exceptions. See Section 59.03, F.S. 1941, F.S.A., Section 67.02, F.S. 1941, F.S.A., and Supreme Court Rule 34. When one enters an appeal and seeks to supersede the decree appealed or stay execution of the decree a bond is required to be given pursuant to Section 59.13, F.S. 1941, as amended, *Page 358 
F.S.A., the pertinent provision of which is as follows:
"(5) Other than for money. — If the judgment or decree is, in whole or in part, other than a money judgment, the amount and condition of the bond shall be determined by the trial court, and the elements to be considered in fixing the amount and conditions of such bonds shall be the costs of the action, costs of the appeal, interest (if chargeable), damages for delay, use, detention, and depreciation of any property involved." Section59.13(5), F.S. 1941, F.S.A.
The purpose of the bond is to protect the party adversely affected against the consequences of the supersedeas or stay, and not against the appeal when the appeal is of right, except when a money judgment or decree is appealed, in which event the bond to be exacted is to pay same. See Section 59.13(3), F.S. 1941, F.S.A.
The tendency of the courts is to construe appeal bonds and other judicial words as they should have been and to consider as surplusage those provisions included which were improperly required.
In Vestal v. Eagerton, 1926, 92 Fla. 215, 109 So. 450, this Supreme Court specifically stated that attorneys' fees were not a proper element of damages and costs.
If an illegal condition is inserted by a Circuit Court in a supersedeas bond, the condition will be ignored as superfluous. This was the decision in Omaha Hotel Company v. Kountze, 1882,107 U.S. 378, 2 S.Ct. 911, 926, 27 L.Ed. 609, which is the leading case discussing the history and development of the law of supersedeas in this country.
"As an appeal bond, or bond in error, is a formal instrument required by the law and governed by the law, and has, by nearly a century's use, become a formula in legal proceedings, with a fixed and definite meaning, and as the important right of appeal is greatly affected by it, we think that it is not allowable in practice, by a change in phraseology, to give to it an effect contrary to what the statute intended. It would be against the policy of the law to allow such deviations and irregularities to creep in. We think the rule followed in some of the states is a sound one, that if the condition of an appeal bond, or bond in error, substantially conforms to the requisitions of the statute, it is sufficient to sustain it, though it contain variations of language; and that if further conditions be superadded, the bond is not, therefore, invalid, so far as it is supported by the statute, but only as to the superadded conditions." See Sanders v. Rives, 3 Stew. (Ala.) 109; Gardener v. Woodyear, 1 Ohio 170.
In Carr v. Marion Mortgage Co., 1930, 99 Fla. 807, 126 So. 776, the Florida Supreme Court expressly approved the decision in Omaha Hotel Company v. Kountze, supra, in holding that an illegal condition in a supersedeas bond is treated as mere surplusage. In this case as a condition to supersedeas of a mortgage foreclosure sale, the court required that the bond secure the payment of premiums due on insurance policies. The court held as follows,99 Fla. 807, 126 So. at page 778:
"The condition to pay insurance premiums due, in so far as this amount is included in the decree and tends towards enforcement of the decree, is illegal and may be regarded as surplusage. McKinnon Young Co. v. Stockton, supra, 53 Fla. 734, 44 So. 237; Holgate v. Jones, supra, 93 Fla. 269, 111 So. 626, 628; Omaha Hotel Co. v. Kountze, 107 U.S. 378, 2 S.Ct. 911, 27 L.Ed. 609."
Again in Holgate v. Jones, 1927, 93 Fla. 269, 111 So. 626, this court was confronted with review of a provision in a supersedeas bond in a mortgage foreclosure proceeding. The condition of supersedeas required the payment of the deficiency due on the mortgage. The Court held that this condition was superfluous and should be ignored, stating 93 Fla. 269, 111 So. at page 628:
"The inclusion of the provision in the order that one of the conditions of the bond shall be the payment of a deficiency, should the property sell for less than the amount of the decree, while not warranted by the statutes, and may be regarded as eliminated, does not destroy the efficacy of the order." *Page 359 
In the case of Daubmyre v. Hunter, 106 Fla. 858, 144 So. 408, 409, the question of liability on a supersedeas bond in an equity case was involved, the condition of which was to pay "all costs and damages which the said defendant, W.L. Hunter, may sustain in case said appeal should be affirmed by the Supreme Court * * *"; which bond was made pursuant to an order pursuant to which the appeal bond was given requiring a bond "conditioned to pay all costs and damages which the said defendant, W.L. Hunter, may sustain in case said appeal should be affirmed by the Supreme Court"; in which case the Supreme Court said:
"The question of damages and the amount thereof, if any, recoverable on a supersedeas bond, is dependent for its solution on the condition of the bond, interpreted in the light of the statute and order of court under and by virtue of which it was given." Daubmyre v. Hunter, 106 Fla. 858, 144 So. 408, 409
"Both the order of court and the condition as set forth in the bond should be construed and read together, since the parties who were shown to have executed, filed, and had approved a supersedeas bond must be presumed to have given the kind of bond required by the statute and the order of the court, and are estopped to deny that such a bond was given, after having obtained and enjoyed the benefit of a supersedeas on the strength of apparently having given the approved bond that the law and the court required to be given to make the supersedeas effective." Daubmyre v. Hunter, supra, text 106 Fla. 858, 144 So. 409-410.
"Sureties on supersedeas bonds are presumed to have contracted with reference to damages which are the natural and proximateresult of the appeal operating as a supersedeas for the purposefor which the bond was applied for and given." (Italics supplied.) Daubmyre v. Hunter, supra, text 106 Fla. 858,144 So. 410.
Melvin Bernstein obtained a stay of the sale by posting the supersedeas bond in question. The plaintiff-appellee, Florence Bernstein, occupied the property during the pendency of the appeal, and exercised complete dominion and ownership over same, except the right to sell it. The judgment of $13,800 was not a judgment against Melvin Bernstein, and at no time was he obligated to pay same, or any deficiency from the sale of the property.
Upon the affirmance of the final decree by this Court, on appeal, the property was sold for the sum of $18,500, or over $4,000 more than the final decree superseded. Melvin M. Bernstein was required to pay interest on the judgment against Nathan Bernstein from the date of the order of supersedeas to the date of sale. This gave Florence Bernstein two recoveries for interest on the personal final judgment against Nathan Bernstein in the amount of $13,800.
The requirement that Melvin M. Bernstein pay interest on a personal judgment awarded against Nathan Bernstein is a double recovery of interest for Florence Bernstein, and is a requirement that the appellant, Melvin Bernstein, pay part of the final judgment. This was error. It was also error under the circumstances to exact an appeal bond conditioned to pay attorneys' fees.
The decree appealed is reversed.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.