TERRELL, Justice.
Appellant as plaintiff below sued ap-pellees as principals and sureties on a su-persedeas bond in the sum of $10,000. The bond was approved pursuant to order of the Circuit Court from a final decree in chancery dated January 7, 1952, in which the same parties were plaintiff and defendants. The court found a balance due on attorney’s fees in the sum of $6,500, and defendants are indebted to plaintiff in said sum of $6,500, together with interest thereon at the rate of six percent per annum from July 17, 1951.
The complaint alleges these facts and the further fact that the Supreme Court affirmed said decree, Fla., 60 So.2d 544, that it became necessary for plaintiff to employ counsel to represent him in said appeal and that he agreed to pay him a reasonable attorney’s fee for said services, which he alleges to be of the' value' of %2r 000, in addition to $75 incurred in the way of traveling expenses to attend the oral argument at Tallahassee. The complaint alleges that defendants defaulted in performance of their obligation on said bond, in that they have refus'ed 'to pay him said expenses and attorney’s fees. A motion *574 to dismiss the complaint was granted and the plaintiff has appealed from that order.
The sole point for determination is whether or, not the provision of the super-sedeas bond securing payment of a reasonable attorney’s fee to plaintiff’s attorney is legal and may be enforced.
The applicable part of said bond is as follows:
“Now, Therefore, * * * shall pay and satisfy the amounts found due plaintiff in the final decree herein in full with costs, interest and damages, including attorney’s fee, if the appeal herein is dismissed or the final decree herein is affirmed, or if the said decree is modified to satisfy in full such modification of said decree, and such costs, interest, and damages as the appellate court may award, * * * ”.
The complaint was dismissed on the ground that the part of the bond authorizing attorney’s fees was without legal authority, consequently it failed to state a cause of action. Bernstein v. Bernstein, Fla., 43 So.2d 356, and Larson v. Higginbotham, Fla., 66 So.2d 40, are relied on to support this contention. These cases hold that attorney’s fees in resisting an appeal from a final judgment or final decree on the merits, are not recoverable and it is improper for the court to require such a condition in a supersedeas bond. They also overrule Kahn v. American Surety Co. of New York, 120 Fla. 50, 162 So. 335, and other cases of similar import, appearing to hold that attorney’s fees for services in resisting an appeal from a final decree or final judgment on the merits in the Supreme Court may be imposed.
Appellant has urged eight questions, none of which complies with the rule prescribed in Kneale v. Kneale, Fla., 67 So.2d 233, to overcome the doctrine of the cited cases. In fine, it is contended that the bond in this case was posted before the decision in Larson v. Higginbotham, suppra, and being so the law announced in Kahn v. American Surety Co. of New York, supra, and similar cases is controlling, that the doctrine of Larson v. Higgin-botham is confined to those cases which were timely appealed under the provisions of Rule 35(e) of the Rules of this Court, 30 F.S.A., and Section 59.13(6), F.S.A., and not to those cases in which the obligors on the bond failed to challenge the validity of its conditions before the courts in which the bond was posted lost jurisdiction of the cause.
The two preceding paragraphs squarely present the issue in this case. It boils down to whether the case of Bernstein v. Bernstein, supra, and the case of Larson v. Higginbotham or Kahn v. American Surety Co. already cited, controls. It is true that in Larson v. Higginbotham [66 So. 2d 41] we said that anything in Kahn v. American Surety Co., supra, “appearing to hold that attorneys’ fees for services in resisting an appeal'from a final judgment or final decree on its merits in the Supreme Court is hereby overruled and receded from”. Bernstein v. Bernstein and Larson v. Higginbotham both had to do with a case in which an appeal was taken from a final decree or final judgment on the merits, absent contract to pay attorney’s fees. The effect of the Court’s holding was that under such circumstances attorney’s fees could not be imposed as part of the cost of the appeal.
In Kahn v. American Surety Co. of New York [120 Fla. 50, 162 So. 336] the supersedeas bond bound the surety to pay “ ‘all costs, damages, expenses and attorneys’ fees’ ” which may be incurred by appellee in the event appeal is dismissed or the cause affirmed by the Supreme Court. Where a surety so contracts and binds himself to pay attorney’s fees we do not understand that Bernstein v. Bernstein and Larson v. Higginbotham intended to abrogate such contracts or to otherwise hold that they were not good and enforceable. In the case at bar the contract for payment of attorney’s fees was in all material respects similar to that before us in Kahn v. American Surety Co. of New York on authority of which we think the judgment appealed from should be reversed.
*575 In this holding we do not overlook Section 59.13, F.SA., and Supreme Court Rule 35(e) that were before the Court in Bernstein v. Bernstein and Larson v. Higginbotham. The holding in these cases was to the effect that the Circuit Court was without authority under the rule or the statute to impose attorney’s fees as part of the expense of an appeal. In neither case, as was true in this case and in Kahn v. American Surety Co. of New York, was the Court confronted with a case in which the surety bond itself was to pay attorney’s fees.
The judgment appealed from is therefore reversed.
Reversed.
MATHEWS, C. J., and ROBERTS, J., concur.
HOBSON, J., concurs specially.
THOMAS, SEBRING and DREW, JJ., dissent.