DREW, Justice
(dissenting).
This is an appeal from a final judgment dismissing a complaint with prejudice because it failed to state a claim on which relief could be granted.
A clear understanding of the proposition presented by the appeal requires a review of the pertinent allegations of the complaint. The complaint alleged inter alia that on February 5, 1952 defendants (in the lower court) made, executed and filed in the office of the Clerk of the Circuit Court of Polk County, Florida, a super-sedeas bond, in the principal amount of $10,000, conditioned to pay the plaintiff (in the lower court), among other things, costs and damages, including attorneys’ fees, in the event the Supreme Court of Florida affirmed the final decree entered in the cause referred to in the bond. A copy of the bond was attached to and made a part of the complaint. The complaint further alleged that on appeal said decree was affirmed by the Supreme Court of Florida. It then alleged that it was necessary for plaintiff to employ counsel to represent him in said appellate proceedings, that he did so and agreed to pay his counsel a reasonable fee for said services in the sum of $2,000 and that, in addition thereto, *576 plaintiff was forced to spend the sum of $75 and travelling expenses in attending the oral argument in Tallahassee. The complaint concluded with the allegation that defendants have defaulted in the obligation of said bond and have refused to pay the plaintiff his expenses and attorney’s fee.
The bond, which was made a part of thé complaint by reference, was in the sum of $10,000, recited the pendency of the appeal from a final decree of the Circuit Court of Polk County, and was conditioned “that if the said R. C. Bentley, R. C. Bentley, Inc., and Bentley Brahman Ranch, Inc., shall prosecute their appeal to effect, and failing to make their plea good, shall pay and satisfy the amounts found due plaintiff in the final decree herein in full with costs, interest, and damages, including attorney’s fee, if the appeal herein is dismissed or the final decree herein is affirmed, or if the said decree is modified to satisfy in full such modification of said decree, and such costs, interest, and damages as the appellate court may award, then this obligation shall be null and void, else to remain in full force and effect.”
This case is controlled squarely by Bernstein v. Bernstein, Fla.1949, 43 So.2d 356, and Larson v. Higginbotham, Fla. 1953, 66 So.2d 40. The lower court, on the authority of these cases, was entirely correct in holding that the complaint stated no cause of action.
It is suggested in the opinion by Mr. Justice Terrell that “Bernstein v. Bernstein and Larson v. Higginbotham both had to do with a case in which an appeal was taken from a final decree or final judgment on the merits, absent contract to pay attorney’s fees. The effect, of the Court’s holding was that under such circumstances attorney’s fees could not be imposed as part of the cost of the appeal.” (Emphasis added.) There is nothing whatever in this record upon which it could be argued that there was any contract to pay the attorney’s fee being sued for. The record here is silent as to whether the supersedeas bond was posted voluntarily by the appellant pursuant to the . provisions of Supreme Court Rule '35 and Section 59.13, F.S.1951, F.S.A. Its language indicates it was posted pursuant to an order under either Rule 35(b) or 35(c), 59.13(4), (5), F.S. 1951, F.S.A., because “further conditions” viz., attorney’s fees were provided for. In either event it was required in order to supersede the decree being appealed from and was authorized under Rule 35 and Section 59.13, supra. The extent of the liability under .the bond was circumscribed by such rule and statute.
Mr. Justice Hobson in his opinion concurring specially with Justice Terrell states “I hold the view that appellees, by their failure to object to the condition, waived their right to object thereto and are now estopped from contending that the inclusion of such condition was unauthorized and improper.” The views so expressed by Mr. Justice Hobson are directly contrary to what we held in Bernstein v. Bernstein, supra [43 So.2d 358]. There, in reviewing the correctness of a judgment entered by the lower court on a bond conditioned in almost identical language as the bond under consideration and posted pursuant to the provisions of an order of the lower court, we said, "If an illegal condition [payment of attorney’s fees to the successful appel-lee] is inserted by a Circuit Court in a supersedeas bond, the condition will be ignored as superfluous.” (Emphasis added.) The only difference in the case of Bernstein v. Bernstein and this case is that in the Bernstein case we were reviewing a final judgment entered in favor of the successful appellee in the supersedeas bond, whereas in the instant case we are reviewing the correctness of a final judgment against the successful'appellee on the same proposition. Having reversed the former, we must affirm the latter.
In Larson v. Higginbotham, supra [66 So.2d 41], we reviewed the numerous ca.ses which have been decided by this Court on this question and held that “attorneys’ fees, in resisting appeal from a final judgment *577 or final decree on 'the merits, are not recoverable and it is improper to require such a condition in a supersedeas bond.”
Every litigant has the right under oür Constitution to have this Court review any final judgment or final decree rendered in any of the circuit courts of this State exercising original jurisdiction. It seems to me that to require an unsuccessful appellant to pay the attorney’s fees and expenses of his adversary in defending an appeal in this Court on its merits would be a serious and sometimes fatal impediment and unlawful burden upon his exercise of a right secured him under the Constitution.
I would affirm the'judgment of the lower court.
THOMAS and SEBRING, JJ., concur.