PARIENTE, Judge.
This case arises out of a mechanics’ hen dispute. At issue is whether Aetna Casualty and Surety Company (Aetna), as surety, can be held hable to pay more than the face amount of its hen-transfer bond as a result of posting a supersedeas bond for the initial appeal in this case.
The facts surrounding this case are fully set out in Pappalardo Constr. Co. v. Buck, 568 So.2d 507 (Fla. 4th DCA 1990), reversed in part, Aetna Casualty and Surety Co. v. Buck, 594 So.2d 280 (Fla.1992). Gordon Buck (lienor) entered into an oral contract with Pappalardo Construction Co. (contractor) to supply certain construction materials. When contractor failed to pay for the materials, lienor filed a claim of hen against Vincent J. Pappalardo, the president and sole shareholder of Pappalardo Construction Co.
Pursuant to section 713.24, Florida Statutes (1989), Vincent J. Pappalardo (principal) transferred the lien to a surety bond, issued by Aetna. The surety bond was in the amount of $9,510. The first final judgment awarded lienor $7,442.34 in damages, $8,553.55 in attorney’s fees and $826.30 in costs. At a subsequent hearing, the trial court granted an ore tenus motion ordering Aetna to increase the face amount of the surety bond to an amount sufficient to cover the total damages, attorney’s fees and costs awarded.
In the initial series of appeals in this case, the supreme court reversed that portion of the trial court’s order awarding attorney’s fees against the surety in excess of the lien-transfer bond amount. Aetna Casualty and Surety Co. v. Buck, 594 So.2d 280, 283 (Fla.1992). The court explained:
While section 713.24(3) allows a trial court to order the party providing the bond to either purchase an additional bond or increase the existing bond, or to otherwise *684 provide increased security, the statute does not permit the trial court to increase the liability of the surety beyond the amount of the bond. Ohio Casualty Ins. Co. v. Oakhurst Homes, Inc., 512 So.2d 1156, 1157 (Fla. 2d DCA 1987)). Hence, any part of a lien-transfer bond not included in the foreclosure judgment can be awarded for costs. However, the lienor is left with an unsecured judgment against the owner for any costs which exceed the remaining face amount of the bond.
On remand from the supreme court, the trial court entered an order directing disbursement of the supersedeas bond and entered final judgment against Pappalardo Construction Co. (contractor) and Aetna (surety) for trial and appellate attorney’s fees of $26,985.85, an amount clearly in excess of the lien transfer bond of $9,510. Although the trial court has authority, pursuant to statute, to order the principal on the bond to increase the bond amount, or to enter a judgment for attorney’s fees against the owner, neither the principal on the bond, Vincent Pappalardo, nor the owner, were parties to the lawsuit.
We find that the trial court erred by entering a final judgment for attorney’s fees against the contractor, Pappalardo Construction Co. The original order on attorney’s fees entered prior to the first appeal expressly found that attorney’s fees could not be assessed against the contractor because it was not the owner of the property, nor was there a contract provision governing the payment of attorney’s fees. That order was not appealed.
We further reject Buck’s argument that the supersedeas bond provided an independent obligation on the part of both the contractor and the surety to pay appellate attorney’s fees in this case. In Ritter v. Bentley, 78 So.2d 573 (Fla.1955), relied on by lienor, the supreme court held that a super-sedeas bond which expressly covered “costs, interest and damages as the appellate court may award covered appellate attorney’s fees. In contrast to Ritter, the supersedeas bond in this case did not create an obligation to cover appellate attorney’s fees. To the contrary, the obligation on the supersedeas bond was conditioned on either the dismissal of the appeal or the affirmance of the judgment being appealed. It did not create an additional obligation and certainly not the obligation to pay amounts in excess of the lien-transfer bond when the supreme court expressly held to the contrary.
The underlying judgment in this case was affirmed in part and reversed in part. In Kulhanjian v. Moomjian, 105 So.2d 783 (Fla.1958), the issue was whether a judgment which had been affirmed in part and reversed in part was a sufficient affirmance to hold the surety liable on a supersedeas bond. The supreme court held it was appropriate to discharge the supersedeas bond because the parties had not bound themselves to paying any judgment that might ultimately be obtained in the trial court but only to satisfy the particular final judgment mentioned in the supersedeas bond.
Since the underlying judgment in this case was reversed in part due to the critical issue of the limitation of the surety’s liability to the face amount of the lien-transfer bond, the conditions of the supersedeas bond were not met and the parties were not independently liable under its terms. The trial court erred by directing disbursement of the supersedeas bond and further erred in entering final judgment against Aetna for an amount in excess of the lien-transfer bond and against Pappalardo Construction Co. for attorney’s fees.
REVERSED AND REMANDED.
GLICKSTEIN and KLEIN, JJ., concur.