W. H. LABELL, *Appellant,* v. MARY E. CAMPBELL et vir.,
*Appellees.*

Division B.

Opinion filed May 16, 1930.

*Roberts & Nelson* and *Ernest E. Roberts,* for Appellant;

*Meyer, Lipnitz & Wansker,* for Appellees.

BUFORD, J.—A bill was filed to foreclose a mortgage. From a decree in that case an appeal was taken. The appeal was dismissed. A second appeal was taken in which an order of *supersedeas* was entered, a part of which order was as follows:

> "IT IS FURTHER ORDERED that the condition of the bond be such that the Principals and the Sureties shall stipulate and agree in the said bond, that in the event the final decree appealed from shall be affirmed or said appeal shall be dismissed, that all damages sustained or occasioned thereby may be assessed and determined by the chancery court in the same cause from which this appeal is taken."

A bond was given on which the following condition appears:

> "IT IS THEREFORE STIPULATED AND AGREED by the Principals hereto and the Sureties, that in the event said final decree appealed from shall be affirmed, or said appeal be dismissed, that all damages sustained thereby, or occasioned thereby, may be assessed and. determined by the chancery court in the same cause from which this appeal is taken."

The appeal on motion was dismissed by the Supreme Court. The mandate was handed down to the circuit court. Thereafter, appellee filed a motion praying that the circuit judge assess damages under bond, in the following language:

"COMES NOW W. H. Labell, complainant in the foregoing cause, by his solicitors undersigned, and respectfully shows unto this court that the appeal of the defendants, from the above court, to the Supreme Court of Florida, filed July 23rd, 1928, has been dismissed by the said Supreme Court of Florida.

WHEREUPON, this complainant moves this court to assess the damages incurred by this complainant by virtue of said appeal, and that execution issue from this court against Mary E. Campbell and Charles W. Campbell, as principals, and George Hughey and O. J. Weber, as Sureties, according to the terms, obligations and stipulations contained in the *supersedeas* bond filed herein and approved August 2nd, 1928."

The motion came on for hearing before the Honorable Ira A. Hutchinson, Circuit Judge *pro hac vice*, and an order was made thereon in the following language:

"This cause coming on to be heard on motion of the complainant to assess damages by virtue of the stipulation contained in the *supersedeas* bond filed herein and approved on August 2, 1928, wherein the principals and sureties in said bond stipulate that 'In the event the said final decree appealed from shall be affirmed or said appeal shall be dismissed that all damages sustained therein or occasioned thereby may be assessed and determined by the chancery court in the same cause from which this appeal is taken,' and the Court being of the opinion that the stipulation contained in said bond did not confer jurisdiction upon the court to assess damages thereunder and the court having heard argument of counsel thereon and being fully advised in the premises:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of the complainant

to assess damages under and by virtue of the stipulation contained in the *supersedeas* bond filed and approved on August 2, A. D. 1928, be and the same is hereby denied for the reason that the court does not have jurisdiction in the matter.

"IT IS FURTHER ORDERED that complainant may have such other remedy or relief as provided for by law."

From this order the present appeal was taken. There is one assignment of error, as follows:

"The court erred in entering its order dated August 27th, 1929, in that a circuit court of Florida has authority in an appeal from a judgment other than a money judgment to impose, as a condition of an appeal bond, a stipulation that all damages arising by virtue of the appeal, shall be assessed by the court in the same cause from which the appeal is taken."

The question presented is whether or not the stipulation required by the order of the circuit court and contained in the bond, to-wit: "that in the event the final decree appealed from shall be affirmed or said appeal shall be dismissed that all damages sustained or occasioned thereby may be assessed and determined by the chancery court in the same cause from which this appeal is taken," confers jurisdiction upon the court of chancery to enter an order and decree in conformity with such stipulation.

In Palmer v. Palmer, 41 Fla. 184, 26 So. R. 640, this Court, referring to Section 1272, Revised Statutes, which has been brought forward as Section 4621, Comp. Gen. Laws, say:

"Supersedeas Bonds.—Conditions.

"Under the provisions of Section 1272, Revised

Statutes, providing that the circuit judges shall determine the amount and conditions of *supersedeas* bonds when the judgment to be superseded is in whole or in part other than a money judgment, the trial judges, in determining the amount and conditions of such bonds, should take into consideration the various rights adjudicated by the judgment to be superseded and accruing by reason thereof to the party in whose favor it is, and so shape both the amount and conditions of such bonds as that they will, according to the circumstances of each particular case, fully secure and protect an obligee in all the varied rights accruing to him under his suspended judgment.''

In Archibald v. Donals, decided October 18, 1929, reported in 124 So. R. 175, this Court had under consideration Sections 2825 and 2826, Rev. Gen. Stats., Sections 4512 and 4513, Comp. Gen. Laws. Section 2826, Rev. Gen. Stats., 4513 Comp. Gen. Laws, specifically authorizes the entry of judgment against sureties on bonds made, executed and filed under the provisions of the preceding section and, therefore, what was said in that case in regard to the entry of a judgment against sureties on such bonds does not apply in the instant case.

There is no provision of the statute authorizing summary judgments to be entered on bonds made, executed and filed under the provisions of Section 2911, Rev. Gen. Stats., 4621, Comp. Gen. Laws. It appears to be a well-settled rule that in the absence of statutory authority authorizing the entry of a summary judgment against sureties on a bond no such judgment may be entered and that without such statutory authority a summary judgment on an appeal bond may not be entered, either by the trial or the appellate court. See Crawford v. Kirksey, 55 Ala. 282;

Stephens v. Miller, 80 Ky. 47; Churchill v. Moore, 7 Cal. A. 767, 96 Pac. R. 108; Booth v. Radford, 57 Mich. 357, 24 N. W. R. 102; Selby v. McQuillan, 45 Nebr. 512, 63 N. W. R. 855.

In Davis v. Tacoma Ry. & Power Co., 39 Wash. 256, 81 Pac. R. 688, the Court say:

"The bond was, in substance, as required by statute, except after reciting that if the judgment appealed from should be affirmed on the appeal or dismissed, appellants would pay the amount directed by the judgment on the appeal, it contained the following provision: 'If the appellants do not make such payment within thirty days after the filing of the remittitur from the Supreme Court, judgment may be entered on motion of the respondents in their favor against the undersigned sureties for the said sum of $750, together with $45.95 costs, together with $.......... interest that may be due thereon, and the damages and costs which may be awarded against the appellants upon the appeal.' When the case came on to be heard in this Court, the appeal of Shreeder and Green was dismissed for the reason that their notice of appeal was not served on the railway company. The judgment was reversed as to the railway company, and remanded for a new trial. Davis v. Tacoma Ry. & Power Co., 35 Wash. 203, 77 Pac. R. 209, 66 L. R. A. 802. No judgment was entered by this Court in favor of the respondents. Thereafter when the remittitur from this Court went to the lower court, respondents moved the lower court for a judgment against the sureties on the bond for the amount of the judgment and costs against Shreeder and Green. No notice of this motion was given, except an oral notice. The sureties appeared by their cousel and objected to the jurisdiction

of the lower court to enter judgment in such summary manner against the sureties on the bond. This objection was denied and judgment was entered, as requested. The sureties, Virges and Huth, now appeal from that judgment.

"There is no provision of law authorizing the lower court to enter a judgment in this summary way upon a statutory bond given on appeal to this Court. The statute, at Section 6523, 2 Ballinger's Ann. Codes & Stats., expressly provides that this Court upon the affirmance of a judgment, may render judgment against both the appellant and his sureties in the appeal bond for the amount recoverable according to the condition of the bond, in case such amount can be ascertained by the Court without an issue and trial. But there is no such provision relating to the lower court. In Grunewald v. West Coast Grocery Co., 11 Wash. 478, 39 Pac. R. 964, it was held that this court could not render a judgment against the sureties on an appeal bond where we had not obtained jurisdiction of the cause. See also, Henry v. Great Northern Ry. Co., 16 Wash. 417, 47 Pac. R. 895. If this Court had no jurisdiction to enter a judgment against the sureties upon this appeal bond, it needs no argument to show that the lower court acquired no jurisdiction to do so where there is no express statutory authority therefor."

The order of the circuit court fixing the condition of the *supersedeas* bond was valid except that part of the order which provided that the damages sustained or occasioned may be assessed and determined by the chancery court in the same cause from which the appeal is taken and the condition in the bond is valid except as to this provision, which

provision may in both instances be treated as surplusage.

This bond, which was a *supersedeas* bond on appeal, is a contract of indemnity between the parties and there being no statutory provision providing for the entry of summary judgment upon such a bond, the parties are limited to their remedy at law to recover such damage as they may show they have sustained by reason of the taking of the appeal. See Fidelity and Casualty Co. v. D. N. Morrison Const. Co., 126 So. R. 151.

For the reasons stated, the decree of the chancellor should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.