A. D. Lawson and Columbia Casualty Co. v. County Board of Public Instruction, Franklin County, for the Use and Benefit of W. A. Alford, *et al.*

154 So. 170.
Opinion Filed March 5, 1934.

*Speh & Brandies* and *Crawford & May,* for Appellants; *R. Don. McLeod* and *W. J. Oven,* for Appelles.

Per Curiam.—A bill of complaint was brought to enforce an accounting and to decree liability on the surety

bond in a construction contract on a public building. A motion to dismiss the bill of complaint was denied and on appeal duly taken, the circuit judge under Section 4962 (3170) and Section 4621 (2911), Compiled General Laws, *"Ordered, Adjudged and Decreed* that the appeal this day taken by the defendants from the order of this Court entered in the above entitled cause on the 11th day of December, A. D. 1933, and recorded the 13th day of December, 1933, in Chancery Order Book 'H,' on page 128, do operate as a supersedeas, upon the defendants filing herein a bond in the penal sum of $2,000, with good and sufficient surety, to be approved by the Clerk of this Court, conditioned to pay to the plaintiffs' all costs and damages, including a reasonable fee for the services of their attorney on this appeal, which they may sustain by reason of the stay of these proceedings, in the event the order appealed from shall be affirmed or the appeal dismissed."

A motion is made to modify the quoted order so as to exclude therefrom as being improperly and unlawfully therein the following words: "including a reasonable fee for the services of their attorney on this appeal." An appropriate motion in the appellate court is the proper procedure. Continental Nat. Building & Loan Ass'n v. Scott, 41 Fla. 421, 26 Sou. 726; State, *ex rel.* Langford v. Barker, 99 Fla. 588, 126 So. 764.

A supersedeas to stay the progress of judicial proceedings is not a matter of right, but in proper cases may be obtained by a compliance with the conditions prescribed by statute or by judicial order pursuant to statute.

Where a statutory supersedeas is invoked the statutory requirements should be observed to make the supersedeas effective to stay proceedings in the matter to which the supersedeas is addressed.

Under the statutes an appeal duly taken from an order or decree in a chancery cause, or a writ of error duly taken to a judgment in a civil action at law, operates as a supersedeas upon the due execution, approval. and filing of a bond; and when the judgment or decree to be superseded is in whole or in part other than a money judgment or decree, "the amount and condition of the bond shall be determined by the court below." Sections 4621 (2911), 4962 (3170), C. G. L.; Holgate v. Jones, 93 Fla. 269, 111 So. 626; Hillsborough County Bldg. & Loan Assoc. v. Folsom, 100 Fla. 757, 129 So. 918; Carr & Carr v. Marion Mortgage Co., 99 Fla. 807, 126 So. 776; Labell v. Campbell, 99 Fla. 1125, 128 So. 422.

In stated classes of cases the statute confers upon "the court below" the authority and duty to determine the amount and condition of a supersedeas bond; and the appellate court will not interfere with the determination made by the court below unless such determination involves illegality or an arbitrary and unwarranted exercise of the statutory authority conferred.

In determining "the amount and condition of the bond," the trial court should consider the rights of the parties in the subject matter of the litigation as such rights may be affected by the supersedeas, including the expense and damage or loss which will probably be caused by the delay in the progress of the cause while the particular appellate proceedings are pending, as well as the nature of the cause and of the matter involved in the appellate proceedings. Attorney fees may not ordinarily be recovered as costs and damages in actions on supersedeas bonds unless properly so made a condition of the bonds. See Vestel, et al., v. Eagerton, 92 Fla. 215, 109 So. 456.

The appeal in this case is from an interlocutory order

and the matter involved in the appeal and the rights of the appellee that will be adversely affected by delay following an appeal and supersedeas, are of such a nature that indemnity for reasonable attorney fees incurred by appellee in the particular appellate proceedings, may fairly and appropriately be made a condition of the supersedeas bond to be paid by appellant in case the order appealed from is affirmed or the appeal dismissed, no provision or principle of law being thereby violated, and the determination of the "court below" as to the "amount and condition of the bond," not being shown to be an arbitrary and unwarranted exercise of the authority conferred by the statute.

Even if attorney fees may not be recovered in enforcing contract or statutory rights, yet when an interlocutory appeal is taken which with supersedeas delays the enforcement of rights and causes expense and damage, the payment of reasonable attorney fees for the appellees may in proper cases be made a condition of the supersedeas bond to indemnify the appellee for expenses and damage incurred by reason of the appeal, should the order be affirmed or the appeal dismissed.

Motion denied.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.