ALICE TONNELIER, *et al.*, v. CHARLES F. TONNELIER, *et al.*

182 So. 900.
Opinion Filed July 28, 1938.
Rehearing Denied August 10, 1938.

*Sheppard & Clements* and *W. McL. Christie,* for Appellants;

*Mabry, Reaves, Carlton & White,* for Appellees.

PER CURIAM.—This cause is before us on "Petition to Vacate or Modify Supersedeas."

It appears from the transcript of the record here that pursuant to the mandate going down to the Circuit Court based on our opinion and judgment rendered herein on January 13, 1938, and on rehearing on May 5th, 1938, the Honorable George W. Whitehurst, Judge of the Twelfth Judicial Circuit of Florida, entered a final decree as follows:

"This cause came on to be heard upon motion of the plaintiffs for a decree in conformity with the opinion and mandate of the Supreme Court and was urged by counsel and thereupon, upon consideration, thereof, it was and is hereby

"ORDERED, ADJUDGED AND DECREED as follows, viz.:

"1. The defendant, Alice Tonnelier, is hereby ordered and decreed to pay over to Mabry, Reaves, Carlton & White, as attorneys for the plaintiffs, for the use and benefit of the following named parties: Charles F. Tonnelier, Victor L. Tonnelier, Mary S. McFarland, a widow, Anne Dwan, joined by her husband, Edward Dwan, Emilia A. Tonnelier, a single woman, Rose Tonnelier, a single woman, Bessie Tonnelier Bock, joined by her husband, Dick Bock, Richard Tonnelier and H. R. Tonnelier, on or before the 27th day of June, 1938, the principal sum of $52,500.00.

"2. The said defendant shall likewise pay over for the same purposes, on or before the 27th day of June, 1938, interest on said principal sum from the 14th day of September, 1932, at the rate of 8% per annum, amounting to $24,150.00.

"3. The said defendant shall likewise pay over for the same purposes, on or before the 27th day of June, 1938, the costs of this cause herein taxed up to the date of this decree at $245.95 and shall pay such further costs as may hereafter accrue herein.

"4. The said sums specified in paragraphs 1, 2 and 3 above shall be paid out of the estate left by Peter Tonnelier, deceased, which estate the said Alice Tonnelier took over as her own upon the death of Peter Tonnelier, and the said Alice Tonnelier shall pay the said sums on or before the 27th day of June, 1938; and if she has not paid the said sums within ten days from the date hereof, she shall within two days thereafter file in this court and cause, a complete itemized, verified list of all properties, real, personal and mixed, now in her hands which were owned, controlled or to which Peter Tonnelier had the right at the time of his death; and the said properties, and all other properties, which the said Peter Tonnelier owned at the time of his

death or to which he was then entitled are hereby charged with, and made liable for, the payment of the sums specified in paragraphs 1, 2 and 3 hereof.

"5. In the event the said defendant, Alice Tonnelier, shall have disposed of any property or properties, or collected any obligations, belonging to Peter Tonnelier at the time of his death, or to which he was then entitled, and shall be now in the possession of the proceeds thereof in the original or reinvested form, she shall also list said proceeds in the same manner as directed in paragraph 4 of this decree, and this decree is also impressed upon, and charged against, such proceeds.

"6. In the event the said Alice Tonnelier does not pay and satisfy this decree within the time stated in paragraph 1 hereof, sufficient, of the property of which Peter Tonnelier died seized and possessed, or to which he was entitled at the time of his death, to satisfy this decree shall be sold by a master to be hereafter appointed by the Court.

"7. To the end that the sums herein found to be due the beneficiaries herein named shall be paid and all the rights of the beneficiaries made effective, the Court retains jurisdiction of this cause, and will take all steps and make all further needful orders and decrees which the equities may warrant.

"DONE AND ORDERED at Fort Myers, Florida, this the 14th day of June, A. D. 1938."

From this decree appeal was taken and on motion the said Judge entered the Order of Supersedeas, here sought to be modified, which said order is as follows:

"This cause coming on to be heard on motion of the defendant, Alice Tonnelier, that the Court fix the amount and conditions of a supersedeas bond herein.

"IT IS ORDERED that the amount of the supersedeas bond to be filed by said defendant be and the same is hereby fixed

at twenty-five hundred dollars ($2,500.00) and that said bond shall be approved as to surety by the Clerk of this Court.

"It is further ORDERED that said bond be conditioned that the said defendant do prosecute her appeal to effect, and in the event of the dismissal thereof, or the affirmance of said cause, shall pay to the plaintiffs and to the defendant, H. R. Tonnelier, all their costs and damages occasioned by said appeal.

"DONE AND ORDERED this 2nd day of July, A. D. 1938."

The effect of the decree of the Chancellor is to adjudicate that the defendant in the court below, appellant here, Alice Tonnelier, is in possession of the estate involved, from which the complainants in the court below, appellees here, are entitled to receive the sum of $52,500.00 as principal and $24,150.00 as interest and the further sum of $245.95 as costs, and that she holds same for the use and benefit of the said complainants, appellees here, and the decree requires her to pay the said sums within ten days from the date of the decree, and if the same be not paid within two days thereafter, to file in the Circuit Court a complete itemized, verified list of all properties, real, personal and mixed, now in her hands which were owned, controlled by or to which Peter Tonnelier had the right at the time of his death; and it is further decreed that the said properties which the said Peter Tonnelier owned at the time of his death, or to which he was then entitled, are charged with and made liable for the sum specified in paragraphs 1, 2 and 3 of the decree.

It appears to us that the amount and the conditions of the bond required are inadequate to protect the rights of the appellees. It is, therefore, ordered, adjudged and decreed that the Circuit Court do modify its order of supersedeas so as to require a bond of not less than $25,000.00 and so

as to include an additional condition that the appellant shall pay to the solicitors for the appellees reasonable attorneys' fees to be incurred in and about representing the appellees in this appeal, in the event that the appeal shall be dismissed or the decree appealed from be affirmed by the Supreme Court.

So ordered.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.