Proceeding by C.O. Huttoe against city of Miami, a municipality of and in Dade County, Florida, to enforce the city's liability for costs and expenses, including a reasonable attorney's fee, as provided by supersedeas bond filed by city in connection with its appeal in mandamus proceeding. From that judgment, the city appeals.
Reversed with directions.
In March 1945, peremptory writ of mandamus was directed to Dan D. Rosenfelder, director of public safety of the City of Miami, commanding him to rescind an order by which he dismissed police lieutenant C.O. Huttoe from the police service. The writ also commanded the City to pay Huttoe compensation incident to his office, from the date of suspension August 3, 1944 to date of his reinstatement, at the rate of $288.75 per month. The City appealed and to obviate obedience to the peremptory writ pending appeal, perfected a stay order supported by supersedeas bond in the penal sum of $5000.00.
The conditions of the supersedeas bond were: "If the City of Miami shall well and truly pay to the said C.O. Huttoe any and all sums called for in said peremptory writ of mandamus entered in this cause on the 16th of March, 1945, together with all damages, costs and expenses (including reasonable attorneys fees) which the said obligee shall suffer, sustain or incur by reason of, or as a result of, such appeal, and shall restore said petitioner to the office of detective lieutenant in the division *Page 900 
of police of the City of Miami, in the event the Supreme Court of the State of Florida shall affirm the judgment of the lower court appealed from, or such appeal shall be dismissed, then this obligation to be null and void; otherwise to remain in full force and effect."
Appellee employed two very competent attorneys to represent him in the mandamus proceeding. One he payed $2500.00 and the other he payed $1000.00 at the time of his employment and contracted to pay him an additional $4000.00 compensation on the contingency that the "peremptory writ appealed from shall be affirmed." Appellee also agreed to pay traveling expenses of his attorneys going to and from Tallahassee for oral argument of the cause.
The judgment of the Circuit Court was affirmed in Rosenfelder et al. v. Huttoe, 156 Fla. 682, 24 So.2d 108 and the mandate went down January 12, 1946. Huttoe was reinstated and his compensation from date of suspension to date of reinstatement, January 13, 1946, in the sum of $5116.14 was paid. It is alleged that Huttoe paid his attorneys fees and costs totaling $7650.00 at the time the appeal was taken.
To procure reimbursement for the amounts so paid Huttoe instituted proceedings under Rule 35(g) of the Rules of this Court to enforce the City's liability for costs and expenses, including a reasonable attorney's fee as provided by the supersedeas bond. The City interposed the following defense: (1) There was no liability under the bond for costs and expenses including a reasonable attorney's fee because the amount of compensation paid Huttoe in obedience to the peremptory writ was in excess of the penalty named in the bond. (2) That if any liability exists for attorney's fees it should not exceed "2500.00 because a larger amount would be unreasonable. (3) If any amount is due for attorney's fees, it should be assessed by a jury. A jury trial was demanded by appellant.
The trial court took evidence and heard argument on the questions presented by the defenses and found that Huttoe had sustained and paid costs and expenses including reasonable attorneys' fees totaling $7650.00, that such fees were reasonable for the service rendered, that as to attorneys' fees, $5000.00 was paid to one attorney and $2500.00 to another attorney, that by reason of the execution of the supersedeas bond the City was liable to Huttoe in the sum of $5000.00, the maximum liability of the City under the bond. He entered judgment against the City in favor of Huttoe for $5000.00 attorneys' fees in addition to the $5116.14 previously paid on salary accrued during his suspension. This appeal is from the judgment so entered.
The point for determination turns on the question of what amount Huttoe is entitled to recover from the City under the terms of the supersedeas bond.
As a result of this Court's affirmance of the peremptory writ of mandamus, Huttoe was reinstated to his position in the police service and was paid the salary forfeited while he was suspended, amounting to $5116.14. The supersedeas bond posted by the City was conditioned to pay Huttoe's compensation and all damages, costs and expenses including reasonable attorneys fees in the event the peremptory writ be affirmed. It is admitted that the compensation in the sum of $5116.14 has been paid. The controversy here is whether or not damages, costs and expense, including reasonable attorneys' fees may be recovered in addition to loss of compensation.
Appellee contends that except for Section 64.04, Florida Statutes 1941, F.S.A., the City would have been required to post a supersedeas bond executed by itself as principal including a good and sufficient surety in which case there would have been no basis for the contention that performance of one of the conditions would have discharged the surety from liability, even though in performing that condition the principal paid more than the amount of the penalty named in the bond.
The bond in question provides for "reasonable attorneys fees." We are aware of no prohibition against Mr. Huttoe employing as many attorneys as he wants and paying them such fees as he may contract *Page 901 
with them to pay. The number of attorneys and the amount paid them is a matter in his discretion, but when he relies on a bond which specifies "reasonable attorney's fee" he cannot claim more than the bond contracts to pay.
There is no substance to the contention that $5116.14 having been paid Huttoe and this amount being more than the penalty named in the bond, he cannot claim a "reasonable attorney's fee" from the city. The bond in terms provides for reasonable attorney's fees in addition to other charges. Whether the fee is paid to one or two attorneys is not material. There is a clear liability on the part of the city to pay it and if the parties cannot agree on a reasonable fee we think appellant was entitled to have the case submitted to a jury on this point alone to determine what amount under all the circumstances would be reasonable. It is settled that this is all that Huttoe can claim from the city. His contract with his attorneys was a separate contract from that with the city. He agreed to pay them a specified fee, while his contract with the city was for a reasonable fee. If his contract with his attorneys calls for a fee larger than what is found to be reasonable the difference is his obligation.
We do not overlook the fact that mandamus is equitable in nature only. In our view if it was solely equitable the issues raised by it here might be submitted to a jury. Under the English Chancery practice issues in equity were presented to the jury in an indirect or artificial manner called "feigned issues." The better practice now is to submit them as specific questions to be answered in the form of a special verdict. For this purpose and no other the cause is reversed with directions to submit the issue of what constitutes a reasonable attorney's fee under the circumstances recited and the issues made, the amount of the verdict so awarded will limit the amount that appellee may recover from appellant. 10 R.C.L. 529.
Reversed with directions.
ADAMS, C.J., and THOMAS and BARNS, JJ., concur.