66 So.2d 40 (1953)
LARSON et al.
v.
HIGGINBOTHAM et al.
Supreme Court of Florida, en Banc.
June 23, 1953.
Meginniss, Thompson & Morrison, Tallahassee, for appellant.
Stockton, Ulmer & Murchison and William A. Carter, Jacksonville, for appellee.
DREW, Justice.
The lower court entered an order fixing the terms and conditions of a supersedeas bond in an appeal from a final decree providing distribution of moneys in the hands of the Special Master derived from the sale of bonds which constituted the statutory deposit of an insolvent insurance company. The bond was fixed in the sum of $6,000 "conditioned to pay all costs of appeal, interest, if legally chargeable, and damages for delay, if any together with the sum of not to exceed $1500.00 counsel fees for the attorneys for Clyde T. Higginbotham, Carl W. Higginbotham and Clyde T. Higginbotham, Jr., co-partners doing business as Higginbotham Company, if hereafter allowed, *41 and not to exceed $1,000.00 to A.F. Irby and Company, Inc., Intervenor herein, if hereafter allowed." (Emphasis supplied.)
Alfred J. Bohlinger, as Superintendent of Insurance of the State of New York, one of the defendants, pursuant to rule 35(e), 30 F.S.A. Rules of Supreme Court, section 59.13, F.S.A., has filed here a motion to review, modify and discharge the requirement providing for the filing of a supersedeas bond in said cause, urging as grounds therefor: (1) that the provision for securing attorney fees, when no such fees were allowed in the decree appealed from, is illegal and without authority; (2) that all moneys applicable to the payment of the sums fixed in the final decree are in the custody and control of the lower court and that no bond is necessary; (3) that plaintiff sues as an official of the State of New York and the funds involved are trust funds for the benefit of creditors throughout the United States, and (4) that the only sum involved in the supersedeas would be the costs on appeal, which would be less than $250.
We find no merit in the third ground of the motion. Nor do we find it necessary to pass on the second and fourth grounds, except insofar as they relate to the amount of the bond. The first ground, however, is well taken.
Attorneys' fees, in resisting an appeal from a final judgment or final decree on the merits, are not recoverable and it is improper to require such a condition in a supersedeas bond. The latest expression of this court on the subject is the following quotation from Bernstein v. Bernstein, Fla., 43 So.2d 356, 358:
"The purpose of the bond is to protect the party adversely affected against the consequences of the supersedeas or stay, and not against the appeal when the appeal is of right, except when a money judgment or decree is appealed, in which event the bond to be exacted is to pay same. See Section 59.13(3), F.S. 1941, F.S.A."
See also Willey v. W.J. Hoggson Corporation, 89 Fla. 446, 105 So. 126; Carr v. Marion Mortgage Co., 99 Fla. 807, 126 So. 776; Palmer v. Palmer, 41 Fla. 184, 26 So. 640; Gore v. News-Journal Corporation, 146 Fla. 552, 1 So.2d 559; 3 Am.Jur. 778; Tullock v. Mulvane, 184 U.S. 497, 22 S.Ct. 372, 46 L.Ed. 657; Williams v. Fidelity & Deposit Co. of Maryland, 42 Colo. 118, 93 P. 1119, 15 Ann.Cas. 722.
Anything in Kahn v. American Surety Co. of New York, 120 Fla. 50, 162 So. 335; Tonnelier v. Tonnelier, 133 Fla. 691, 182 So. 900, or City of Miami v. Huttoe, Fla., 40 So.2d 899, appearing to hold that attorneys' fees for services in resisting an appeal from a final judgment or final decree on its merits in the Supreme Court is hereby overruled and receded from.
This is not an appeal from an interlocutory decree, where a different rule prevails. See Lawson v. County Board of Public Instruction, 114 Fla. 153, 154 So. 170, 171, where we said:
"The appeal in this case is from an interlocutory order, and the matter involved in the appeal and the rights of the appellee that will be adversely affected by delay following an appeal and supersedeas are of such a nature that indemnity for reasonable attorney fees incurred by appellee in the particular appellate proceedings may fairly and appropriately be made a condition of the supersedeas bond to be paid by appellant in case the order appealed from is affirmed or the appeal dismissed; no provision or principle of law being thereby violated, and the determination of the `court below' as to the `amount and condition of the bond' not being shown to be an arbitrary and unwarranted exercise of the authority conferred by the statute.
"Even if attorney fees may not be recovered in enforcing contract or statutory rights, yet, when an interlocutory appeal is taken which with supersedeas delays the enforcement of rights and causes expense and damage, the payment of reasonable attorney fees for the appellees may in proper cases be made a condition of the supersedeas bond to indemnify the appellee for expenses and damage incurred by reason of the appeal, should the order be affirmed or the appeal dismissed."
*42 In addition to what we have said, the Rule and the Statute, supra, clearly set forth the conditions of the bond and nowhere in it do we find any provisions for attorneys' fees.
For the reasons herein stated, that part of the order above quoted and italicized is stricken and the amount of the bond is reduced to $2,000.
THOMAS, SEBRING, HOBSON, and MATHEWS, JJ., concur.
ROBERTS, C.J., and TERRELL, J., agree to conclusion.