PER CURIAM.
After the entry of a final decree of foreclosure in favor of the appellees, who were plaintiffs below, the defendants, appellants here, filed their motion in the trial court for an order fixing the amount and conditions of a supersedeas bond as authorized by Florida Appellate Rule 5.5, 31 F.S.A., and Section 59.13(1), Florida Statutes, F. S.A. After hearing, the court fixed the amount of the bond “conditioned to pay costs on appeal, legal interest, attorneys fees, and damages for delay.” The authority for fixing the terms and conditions of a supersedeas bond is set forth in Florida Appellate Rule 5.8 and Section 59.13(4), Florida Statutes, F.S.A. Pursuant to Florida Appellate Rule 5.10, and Section 59.13 (6), Florida Statutes, the appellants then filed their motion in this court to review and modify the order and supersedeas bond upon the ground that the inclusion of the words “attorneys fees” in the order and bond are not proper. The appellees countered by their motion for attorney’s fees in resisting the appellants’ motion to modify, contending that Florida Appellate Rule 3.16(e) was applicable. This cause is now pending in this court for hearing on the merits of the appeal.
The appellees contend that the note securing the mortgage foreclosed provides that the makers agree to pay all collection costs “including reasonable attorneys fees.” They further maintain that they should be allowed attorney’s fees under the authority of Travers v. Tilton, Fla.App.1961, 134 So. 2d 807. In that case, the parties explicitly agreed that the appellees’ attorney should be allowed attorney’s fees on appeal and that is no authority for the allowance of such fees when the question is raised before the court, as in the instant case. Florida Appellate Rule 3.16(e) becomes applicable only where attorneys fees are allowed by law for services in the appellate court.
*750 The instant case comes within the rule stated in Larson v. Higginbotham, Fla.1953, 66 So.2d 40, 41. There the lower court had entered an order fixing the terms and conditions of a supersedeas bond in an appeal from a final decree. The bond fixed the usual conditions but also included a sum for attorney’s fees in the appeal. In modifying the order, Justice Drew, speaking for the Supreme Court, said:
“Attorneys’ fees, in resisting an appeal from a final judgment or final decree on the merits, are not recoverable and it is improper to require such a condition in a supersedeas bond. The latest expression of this court on the subject is the following quotation from Bernstein v. Bernstein, Fla., 43 So.2d 356, 358:
“ ‘The purpose of the bond is to protect the party adversely affected against the consequences of the supersedeas or stay, and not against the appeal when the appeal is of right, except when a money judgment or decree is appealed, in which event the bond to be exacted is to pay same. See Section 59.13(3), F.S.1941, F.S.A.’
* * * * * *
“Anything in Kahn v. American Surety Co. of New York, 120 Fla. 50, 162 So, 335; Tonnelier v. Tonnelier, 133 Fla. 691, 182 So. 900, or City of Miami v. Huttoe, Fla., 40 So.2d 899, appearing to hold that attorneys’ fees for services in resisting an appeal from a final judgment or final decree on its merits [emphasis theirs] in the Supreme Court is hereby overruled and receded from, [emphasis ours]
“This is not an appeal from an interlocutory decree, where a different rule prevails. See Lawson v. County Board of Public Instruction, 114 Fla. 153, 154 So. 170, 171, * *
The motion of the appellants to review and modify the order and supersedeas bond was timely and properly made. Ritter v. Bentley, Fla.1955, 78 So.2d 573 is not controlling, as that was an action on a super-sedeas bond which provided for the payment of attorney’s fees. Accordingly, that part of the order and supersedeas bond providing for attorney’s fees is stricken and it therefore follows that the appellees’ motion for attorney’s fees is denied.
SHANNON, C. J., and SMITH and WHITE, JJ., concur.