STURGIS, Acting Chief Judge.
The appellees, plaintiffs below, brought this suit against appellants, defendants below, for rescission of a conveyance of real property, cancellation of the deed issued in the premises, refund of the purchase money paid by plaintiffs to defendants, and recoupment of the cost of permanent improvements allegedly placed on the property.
On the evidence adduced by the parties the chancellor held, as a matter of law, that defendants were liable in damages to plaintiffs for failing to disclose the existence of pipe clay under or around parts of the foundation of a dwelling house on the property, but that the amount of such damages was an issue yet to be determined. Finding that several elements of the action rendered it difficult to restore the parties to their former position and that there was not sufficient evidence before the court from which the claims of the plaintiffs could be reasonably and safely assessed, the chancellor denied rescission and held that remedy at law was the proper procedure to render justice to the parties. It was thereupon decreed that the plaintiffs recover from the defendants “such sums as shall be adjudicated in proceedings in this cause on the law side of this Court,” and transferred the cause to the law side with directions to the clerk to docket the same for trial; and further, that proceedings be had by pre-trial conference or otherwise to mature the cause for trial of the issue of damages to be awarded to the plaintiffs against the defendants.
The defendants filed this appeal to review said decree, and on their application an order was entered by the trial court staying further proceedings upon condition that defendants post a supersedeas bond conditioned, inter alia, “to provide payment of an attorney’s fees in the amount of $200.00 to *878 plaintiffs for the services of their attorney in event the interlocutory appeal is affirmed or dismissed; * * We now entertain appellants’ motion to set aside the quoted provision of the order, to which order the trial judge appended the following memorandum:
" * * * pursuant to the language of the Supreme Court of Florida in Larson v. Higginbotham, 66 So.2d 40, in which there is cited and quoted the holding in Lawson v. County Board of Public Instruction, 114 Fla. 153, 154 So. 170, the trial Court may in its discretion require such attorneys’ fees as a condition of the supersedeas bond. The Court in this cause is persuaded to exercise discretion in favor of such requirement on the following considerations :
“(1) It appears that one of the reasons for permitting such a provision is that an appellee in an interlocutory appeal is thus subjected to the burden of defending one appeal for certain and with the possibility of defending another appeal in the event the final disposition is subject to appellate procedures.
“(2) With such exposure the appel-lee should be indemnified to a reasonable degree for his litigation expense and attorneys’ fees in one of such appeals as he cannot be so indemnified in an appeal from a final disposition;
“(3) The Court is not of the view that tfte interlocutory appeal proposed in this cause is frivolous but that there are bona fide legal issues which are involved and which are or may be presented for appellate consideration;
“The Court further feels that the amount of exposure to such attorneys’ fee should be a sum certain and should be the minimum that would provide for resistance and defense of the interlocutory appeal, which in this case the Court shall designate the sum of Two Hundred Dollars.”
In the Higginbotham case the Florida Supreme Court quoted the following excerpt from its decision in the Lawson case, both cited in the above memorandum:
“Even if attorney fees may not be recovered in enforcing contract or statutory rights, yet, when an interlocutory appeal is taken which with supersedeas delays the enforcement of rights and causes expense and damage, the payment of reasonable attorney fees for the appellees may in proper cases be made a condition of the supersedeas bond to indemnify the appellee for expenses and damage incurred by reason of the appeal, should the order be affirmed or the appeal dismissed.”
Finding that the trial court had power to so condition the supersedeas sought herein and no abuse of discretion being shown, appellants’ motion must be and it is hereby denied.
WIGGINTON and RAWLS, JJ., concur.