ON MOTION FOR REVIEW OF ORDER FOR SUPERSEDEAS
RAWLS, Chief Judge.
Respondent, Duval Connecting Railroad Company, seeks to acquire by exercising the power of eminent domain a perpetual easement for a crossing at grade of the right of way and tracks of the Appellant, Georgia Southern and Florida Railway Company. The trial court entered an order *406 entitled “Finding of Fact, Conclusion of Law and Order on Preliminary Issues” wherein it concluded that Duval has the right to acquire by condemnation the right of way for the railroad crossing described in its petition for condemnation.
Georgia Southern moved the trial court to grant a supersedeas of the trial'proceedings pending the timely filing and disposition of its petition for writ of certiorari to review the order on preliminary issues. Pursuant thereto supersedeas was granted upon the following conditions:
“This order shall become effective upon the filing by defendants of a good and sufficient bond in the amount of $15,-000.00, conditioned that the Petition for Writ of Certiorari shall be duly presented to the appellate court within twenty (20) days and to pay all costs including a reasonable attorney’s fee for plaintiffs attorney * * (Emphasis supplied.)
After entry of the foregoing order, Georgia Southern moved the court to reconsider its order for supersedeas and to eliminate, as a required condition of the supersedeas bond the provision requiring it to pay an attorney’s fee for Duval in the event it did not prevail in this proceeding. In its order refusing to strike the provision as to attorneys’ fees, the trial court stated: “The Court has carefully considered the memo-randa filed by counsel and is of the opinion that the court does have the authority to condition the supersedeas bond to provide for attorneys’ fee for plaintiff’s [Duval’s] counsel.”
The sole point posed by Georgia Southern is :
“Whether the circuit court is empowered to require, as a condition to granting a stay of the trial pending a determination on certiorari of the condemnor’s right to take an owner’s property for certain purposes, that the property owner bind itself to pay an attorneys’ fee for the con-demnor’s attorneys should the con-demnor’s asserted right to condemn not be defeated in the certiorari proceedings.”
The power of eminent domain is an attribute of the sovereign. At one time the state owned all the property or possessed' the power to wrest it from the owner. As. our concepts of democracy have grown, greater emphasis has been placed upon the-citizen’s “ * * * inalienable rights, among which are those of enjoying and' defending life and liberty, acquiring possessing and protecting property, and pursuing happiness and obtaining safety.” Section 1, Declaration of Rights, Florida Constitution, F.S.A. Peavy-Wilson Lumber Company v. Brevard County, 159 Fla. 311, 31 So.2d 483, 172 A.L.R. 168 (1947). Article XVI, Section 29, Florida Constitution provides, “No * * * right of way shall be appropriated to the use of any corporation * * * until full compensation-therefor shall be first made to the owner, or first secured to him by deposit of money * * (Emphasis supplied.) The legislature of this state has by statute provided, for the landowner to recoup from the petitioner exercising the power of eminent domain “ * * * reasonable costs of the-proceedings * * * including a reasonable attorney’s fee * * * ”, Section 73.091, Florida Statutes, F.S.A. and “ * * * all' reasonable costs of the proceedings in the' appellate court, including a reasonable attorney’s fee to be assessed by that court, except upon an appeal taken by a defendant in which the judgment of the trial court shall be affirmed,” Section 73.131, Florida Statutes, F.S.A.
Thus it is seen that the public-policy of this state as evidenced by the cited' constitutional and statutory provisions has been to secure to a landowner full compensation — not full compensation less the-expenses of his lawyer. By his action, the-trial judge has in this proceeding shifted to the landowner the possible burden of shouldering a portion of the condemnor’s lawyer’s-fee. Such action cannot stand.
*407 The condemnor insists that Owens v. Smith, 154 So.2d 877 (Fla.App. 1st, 1963); Larson v. Higginbotham, 66 So.2d 40 (Fla.1953); and Lawson v. County Board of Public Instruction, 114 Fla. 153, 154 So. 170 (1934), enunciated the public policy that payment of attorneys’ fees in interlocutory appeals is a proper provision to be included by a trial judge in a supersedeas bond staying the proceedings, and that such enunciation is applicable to this cause.
The basic concept expressed in the .above cited cases is that when supersedeas delays the enforcement of rights and causes expense and damage, the payment of reasonable attorney’s fees for the appellees may in proper cases be made a condition of the supersedeas bond to indemnify the appellee for expenses and damages incurred by reason of the appeal, should the order be affirmed or the appeal dismissed. We have no quarrel with this cited principle of law .as it pertains to proper cases. As observed at the outset, the landowner is the one who possesses the right to acquire, possess and protect his property. In this proceeding, through the grace of the sovereign, the •condemnor is seeking to take away a portion of the landowner’s rights in its property, and the landowner now seeks to question the legality of such taking. The trial •court has imposed a penalty upon the landowner in its efforts to review the holding that “necessity” exists for the taking. The cited cases are not applicable to an eminent •domain proceeding.
Reversed with directions to strike the con■ditions contained in the supersedeas bond pertaining to attorneys’ fees.
We determine and will enter our certificate to the effect that the decision herein is one which passes upon a question of great public interest as contemplated by Section 4(2), Article V, Constitution of Florida.
WIGGINTON and CARROLL, DONALD K., JJ., concur.