272 So.2d 167 (1973)
VALLEYBROOK DEVELOPERS, INC., a Florida Corporation, et al., Petitioners,
v.
GULF POWER COMPANY, a Corporation, Respondent.
No. R-440.
District Court of Appeal of Florida, First District.
January 25, 1973.
*168 James E. Moore, Jr., and D. Michael Chesser, of Moore & Dewrell, Niceville, for petitioners.
W. Spencer Mitchem, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for respondent.
RAWLS, Judge.
Petitioners, Valleybrook Developers, Inc., and others, by petition for a writ of common law certiorari seek to set aside an order of taking rendered by the Circuit Court of Santa Rosa County.
Respondent, Gulf Power Company, contends that a petition for certiorari will not lie to review an interlocutory order. Such contention is without merit. Section 74.061, Florida Statutes, F.S.A., provides in part: "(1) Immediately upon the making of the deposit, the title or interest specified in the petition shall vest in the petitioner, and the said lands shall be deemed to be condemned and taken for the use of the petitioner, ..." (Emphasis supplied.) Thus, the instant order of taking, pursuant to the grace of the sovereign, has in a "quick proceeding" wrested the interest in lands sought by petitioner from the landowner. After the condemnor's bulldozers have desecrated the landscape long prior to final judgment, can it be logically argued that a conveyance of the landowner's interest without his consent is such an injury that may be remedied by an appeal from final judgment? We hold not. Common law certiorari is the proper procedure to review an order of taking in an eminent domain proceeding. Clark v. Gulf Power Company;[1] Couse v. Canal Authority;[2] and Georgia Southern & Florida Railway Company v. Duval Connecting Railroad Company.[3]
The following point posed by petitioners merits our consideration, viz.: Was there substantial evidence to support the finding of the Circuit Court of Santa Rosa County, Florida, that the respondent had *169 made a good faith estimate of the value of each parcel in the proceeding?
Section 74.031, Florida Statutes, F.S.A., entitled "Declaration of taking, contents" provides in part: "... The petitioner shall make a good faith estimate of value, based upon a valid appraisal of each parcel in the proceeding, ..." The sole witness who testified on behalf of the condemnor as to "good faith estimate" was a Mr. Kempson, Manager of the Land Department of Gulf Power Company. This witness on direct examination stated that a Mr. Adkinson, a MAI, made an appraisal of the Valleybrook parcels and, over objection, Mr. Kempson testified as to amounts. On cross examination, he testified that he could not remember the dates of Adkinson's appraisals; he had received the appraisals by telephone and was billed on December 20, 1971; the appraisals were made some time prior to that date; and to his knowledge the appraisals had not been brought up to date. The trial court denied petitioners' motion to strike the foregoing testimony and entered the controverted order of taking.
Strict compliance of the law is required when public utilities utilize the sovereign's grant of the right of eminent domain.[4] The taking of private property is not a ministerial act. A purpose of stating a "good faith estimate" in the declaration of taking is to fix a basis for withdrawal by the owner from the deposit, so that the owner will have the use of the money as the petitioner has the use of the land.[5] The landowner is entitled to a good faith estimate of value, based upon a valid appraisal of each parcel. The instant order of taking was entered by the trial judge solely upon the testimony of a witness that a qualified appraiser told him in a telephone conversation more than six months prior to the hearing on the order of taking[6] that such-and-such amounts were reasonable. Private land, even in this era of governmental edicts, cannot be seized upon such hearsay testimony.
The order of taking as to petitioners' lands is reversed and the cause remanded.
SPECTOR, C.J., and JOHNSON, J., concur.
NOTES
[1] Clark v. Gulf Power Company, 198 So.2d 368 (1 Fla.App. 1967).
[2] Couse v. Canal Authority, 209 So.2d 865 (Fla. 1968).
[3] Georgia Southern & Florida Railway Company v. Duval Connecting Railroad Company, 187 So.2d 405 (1 Fla.App. 1966).
[4] Marvin v. Housing Authority of Jacksonville, 133 Fla. 590, 183 So. 145 (1938).
[5] 5 Nichols' Eminent Domain § 18.7, p. 18-283.
[6] It is well settled that the "good faith estimate of value, based upon a valid appraisal of each parcel" refers to the date of taking, not six months or more prior thereto.