398 So.2d 479 (1981)
CITY OF CORAL GABLES, a Municipal Corporation, Appellant,
v.
Steve R. GEARY, Appellee.
No. 80-1795.
District Court of Appeal of Florida, Third District.
May 12, 1981.
*480 Robert D. Zahner, Coral Gables, for appellant.
Starr W. Horton, Miami, for appellee.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
BARKDULL, Judge.
The City filed a notice of appeal to review a final judgment, granting a property owner in Coral Gables certain building variances. This final judgment was affirmed by this court in its opinion reported in City of Coral Gables v. Geary, 383 So.2d 1127 (Fla. 3d DCA 1980). Pending review in this court, the appellee therein (Geary) sought by a motion in the trial court to require the City to post a supersedeas bond pursuant to Rule 9.310(b)(2), Florida Appellate Rules, if the notice of appeal was to act as a stay of the final judgment. The trial court denied the motion and Geary sought review of said order of denial in this court, pursuant to Rule 9.310(f), Florida Appellate Rules, which resulted in an order of this court reversing the trial court and directing it to fix the amount, terms and conditions of a supersedeas bond if the City was to have its notice of appeal act as a stay.
Thereafter, Geary again moved the trial court to fix the amount and conditions of a supersedeas bond. Upon this motion, the trial court entered an order fixing the amount of the bond at $25,000.00, conditioned as follows:
"ADJUDGED AND ORDERED that the defendant, CITY OF CORAL GABLES, a Municipal corporation, be, and it is hereby required to post a good and sufficient supersedeas bond in the amount of $25,000 conditioned upon the payment of costs, interest, attorney's fees and damages for delay in the event its appeal as filed with the District Court of Appeal of Florida, Third District, is dismissed, or the Final Judgment of this Court is affirmed, in order to stay enforcement of said Final Judgment as entered in this cause."
Subsequently, this court affirmed the original final judgment in the opinion and decision set forth in the opening of this opinion. After the mandate was lodged in the trial court, Geary moved the trial judge to "Reinstate Final Judgment, Assess Damages for Delay and Attorney's Fees". Following a hearing, the trial judge awarded a sum of money for damages for delay occasioned by the appeal from the final judgment, granting the variances, and awarded the appellee and his counsel attorney's fees. The City then filed the instant appeal, urging that the trial court erred in assessing damages for delay and in awarding attorney's fees.
We affirm as to the damages for delay. The appellee followed the procedure laid down by the appellate rules and appropriately secured an order fixing the amount and conditions of a supersedeas bond. The City then had the election to post the bond if it wanted the notice of appeal to act as a stay. City of Lauderdale Lakes v. Corn, 371 So.2d 1111 (Fla. 4th DCA 1979). The City having posted the bond, it was appropriate for the trial court to assess damages for delay if the original judgment was affirmed.
The attorney's fees presents another problem. Although the order conditioned the granting of supersedeas on attorney's fees, no such provision was contained *481 in the bond. Obviously, therefore, the surety on the bond would not be liable for attorney's fees and, in accordance with the reasoning in City of Lauderdale Lakes v. Corn, supra, the City's liability being co-existent with the conditions of the bond, no liability would exist against the City under the bond. The appellee has urged that by the inclusion of the word "fees" in present Florida Appellate Rule 9.310(c)(2), the trial court was authorized to fix attorney's fees as a part of the damages for delay. Even if the appellee was correct in this proposition, for the reasons above stated, attorney's fees not being a condition of the bond, he would have no right to recover same. However, it has long been the law in Florida that attorney's fees are not an appropriate condition of a supersedeas bond posted to review a final judgment. Bernstein v. Bernstein, 43 So.2d 356 (Fla. 1949); Larsen v. Higginbotham, 66 So.2d 40 (Fla. 1953); Luckhardt v. Pardieck, 142 So.2d 749 (Fla. 2d DCA 1962). However, the contrary is true in fixing the terms and conditions of a supersedeas bond to stay the effect of an interlocutory order. Lawson v. County Board of Public Instruction, Franklin County, 114 Fla. 153, 154 So. 170 (1934); Luckhardt v. Pardieck, supra, Owens v. Smith, 154 So.2d 877 (Fla. 1st DCA 1963). As indicated, the appellee urges that the recent change in the appellate rules by the inclusion of the word "fees", Rule 9.310(c)(2), Florida Appellate Rules, is broad enough to include attorney's fees. We do not agree.
The commentary to the rules, when the present Rule 9.310(c)(2) was adopted, reads as follows: "Section (c) retains the substance of former Rule 5.6 and states the mandatory conditions of the bond." The prior rule, as indicated, had been interpreted as not including attorney's fees. In the adoption of the new appellate rules, effective March 1, 1978, the court made it clear that it did not intend to change the substantive law. In Re Proposed Florida Appellate Rules, 351 So.2d 981, 983 (Fla. 1977). Compare: Lampkin-Asam v. District Court of Appeal, 364 So.2d 469 (Fla. 1978). Therefore, the only interpretation that we can give to the inclusion of the word "fees" in the present Rule 9.310(c)(2) is that it means fees when otherwise recoverable by the appellee, i.e., when provided for in appellate proceedings on a promissory note or by statute or other written obligation.
Therefore, so much of the final judgment that is for damages is affirmed, and the portion relating to the award of attorney's fees is reversed.
Affirmed in part; reversed in part.