421 So.2d 681 (1982)
FLORIDA EAST COAST RAILWAY COMPANY, a Florida Corporation, Appellant,
v.
BROWARD COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 82-563.
District Court of Appeal of Florida, Fourth District.
November 3, 1982.
*682 Kenneth L. Ryskamp of Goodwin, Ryskamp, Welcher & Carrier, P.A., Miami, for appellant.
Harry A. Stewart, Gen. Counsel & Arthur E. Burrows, Jr., Asst. Gen. Counsel, Broward County; and Samuel S. Goren of Josias & Goren, Fort Lauderdale, Special Counsel for Broward County, appellee.
HERSEY, Judge.
Appellant railroad appeals a non-final order of taking entered in an eminent domain proceeding brought by Broward County to condemn easement rights in the airspace of property owned by the railroad. The purpose of the condemnation action was to secure a clear zone for runway 27L of the Fort Lauderdale-Hollywood International Airport.
Restrictions imposed by a clear zone easement obligate the owners to clear the airspace parcels and keep them free of all intrusions into or encroachments upon them, whether such encroachments are by vegetation or man-made objects. There is a specific prohibition against the growing of thirteen species of vegetation on the land beneath the airspace parcels, whether or not they penetrate the easements. In conjunction with the clear zone easement, the county acquires the right to enter upon the properties beneath the airspace parcels for the purpose of removing all objects at ground level which penetrate the airspace or are likely to do so, in the event the owners refuse to eradicate such impediments.
The land beneath the airspace at issue (Parcel 27L-11) is owned by and presently improved with a single railroad track used by the Florida East Coast Railway Company as part of its mainline from Miami to Jacksonville. The clear zone easement restrictions specifically exempt the routine operation of rolling stock, including switching, on the present track as well as on any other track constructed in the future, permitting the railroad to continue its operation. All of the other numerous and significant restrictions imposed by the terms of the clear zone easement apply to Parcel 27L-11, with such exceptions as are necessary and appropriate to permit the railroad to continue to operate.
Appellant's objection to the taking is based upon four grounds which we will consider in the order presented.

I. Whether the taking was in violation of the prior public use doctrine.
The parties have stipulated that the traditional prior use doctrine applies to *683 this case. Under that doctrine, property devoted to a public use cannot be taken and appropriated to another or different public use unless the authority to do so has been expressly given by the legislature or may be necessarily implied. Thus, the power of condemnation may not be exercised where the proposed use will destroy an existing public use in the absence of specific legislative authority. Florida East Coast Railway v. City of Miami, 372 So.2d 152 (Fla. 3d DCA 1979). However, when a taking will not materially impair or interfere with or is not inconsistent with the existing use, and the proposed use is not detrimental to the public, then a court possesses authority to order a taking of the property. Georgia Southern & Florida Railway v. State Road Department, 176 So.2d 111 (Fla. 1st DCA 1965). This exception to the prior public use doctrine is known as the "compatible use" theory.
Here, the taking of airspace above the railway's property did not materially impair or interfere with nor is it inconsistent with the existing use since the railway's routine operation is exempted from the easement restrictions. Further, the proposed use is not detrimental to the public. Thus, we conclude that the taking is consistent with and does not violate the prior public use doctrine.

II. Whether the evidence established a reasonable necessity for the taking.
The condemning authority is required to present evidence of the necessity of the condemnation at the Declaration of Taking hearing. City of Jacksonville v. Griffin, 346 So.2d 988 (Fla. 1977). To sustain a condemning authority's exercise of discretion there must be a reasonable necessity for the condemnation, and the exercise of its discretion should not be disturbed absent illegality, bad faith, or gross abuse of discretion. Id. at 988.
Appellant claims that there is no need for the easement since trains will continue to operate through the restricted area. According to appellant, all that was accomplished by the condemnation was a prohibition against parking railroad cars on the tracks. There is little difference, it is argued, in an airplane striking a moving railroad car or a stationary car.
However, the county points out that Federal Aviation Regulations set the boundaries on runway approaches, within which obstructions may not penetrate, to assure reasonably safe operation in such approaches. This does not mean that an airplane will be flying in all of the space provided by the easement; rather a clear zone is necessary for total airport operation, specifically including electronic navigation aids. The county notes that the easement does more than prohibit the parking of railroad cars; it grants the county the right to enter the land to remove nonexcepted obstructions, prohibits certain vegetation, and forbids the construction of railroad communication or signal devices mounted on poles or towers. Thus, according to the county, the easement has accomplished the purpose of providing a clear zone.
By ordering the taking, the court determined that the county had sufficiently demonstrated a necessity for the condemned airspace. That determination is supported by substantial competent evidence.

III. Whether the county invoked sufficient proper statutory authority for the taking.
The county's eminent domain petition cited as statutory authority Sections 127.01, 125.012(3) and 332.02(2), Florida Statutes (1981), and Chapters 73 and 74, Florida Statutes (1981). Section 127.01 delegates to the county the power of eminent domain, 125.012(3) grants to the county the power of condemnation to acquire any estate or interest in land for airport facilities, Section 332.02 gives municipalities the power to acquire real property for airports, and Chapters 73 and 74 deal with eminent domain in general and supplemental proceedings.
Section 127.01 authorizes a county to exercise the power of eminent domain to take the fee simple title to property or "a *684 particular right or estate in ... property." Section 73.021 requires that a petition for eminent domain recite the authority for the taking and the use for which the property is being taken. As pointed out by appellant, Section 333.12 specifically refers to the acquisition of air rights and reference to that section in the petition would have been appropriate. We are convinced that appellee's petition nonetheless substantially complied with the statutory requirements in view of its reliance on Section 127.01. See Tosohatchee Game Preserve, Inc. v. Central & Southern Florida Flood Control District, 265 So.2d 681 (Fla. 1972).

IV. Whether the trial court erred in ordering the taking based upon the appraisal evidence presented.
In determining the sufficiency of appraisal evidence at a taking hearing, the issue is whether the estimate of value was made in good faith and was based upon a valid appraisal. § 74.031, Fla. Stat. (1981), Valleybrook Developers, Inc. v. Gulf Power Co., 272 So.2d 167 (Fla. 1st DCA 1973). The estimate of value, when deposited into the court registry, secures the landowner in his right to obtain full compensation for the property rights taken. §§ 74.051(2) and 73.071, Fla. Stat. (1981). The estimate does not establish the value of the property rights and a court's determination that the estimate was made in good faith based upon a valid appraisal is not a finding of just compensation. Rather, after the condemning authority takes possession and title pursuant to a "quick taking" proceeding (Chapter 74), if compensation or severance damages are in issue, a jury is empaneled to make a determination of value. § 73.071, Fla. Stat. (1981).
Here, appellant does not challenge the good faith of the estimate nor does it contend that the appraisal on which the estimate was based was invalid. Accordingly, no error is presented by this point.
Finding no error, we affirm and remand to the trial court for further proceedings.
AFFIRMED and REMANDED.
ANSTEAD and HURLEY, JJ., concur.