PER CURIAM.
This is an appeal by the landowner Capo Investment Group Corporation [Capo] from a non-final order of “quick-take” in an eminent domain proceeding. See Ch. 74, Fla. Stat. (1989). Capo does not challenge the public purpose or necessity of this taking pending a final hearing, but challenges only the good faith estimate of value for the property made by the condemning authority, State of Florida, Department of Transportation [DOT].
*514 First, the claimed error, if any, in admitting testimony adduced by DOT at the “quick-take” hearing below on the cost-to-cure damages relating to one of the condemned parcels, without first adducing proof of the severance damages, compare Division of Admin., State of Fla., Dept. of Transp. v. Frenchman, Inc., 476 So.2d 224 (Fla. 4th DCA 1985), rev. dismissed, 495 So.2d 750 (Fla.1986), was entirely harmless. The DOT appraiser below simply assumed that the severance damages herein would greatly exceed the cost-to-cure damages (an assumption which Capo does not challenge) and proceeded to give an appraisal based on cost-to-cure damages. If that assumption was incorrect and the severance damages were actually less than the cost-to-cure damages, (a) the DOT estimate of value was inflated because DOT was entitled to the lesser criterion of damage, namely, the severance damages, see Frenchman, Inc., 476 So.2d at 227, and (b) Capo is in no position to complain.
Second, no reversible error is presented in the trial court’s acceptance of the DOT’s estimate of value; such estimate, in our view, was made in good faith based on a valid appraisal. §§ 74.031, 74.-051(2), Fla.Stat. (1987). It should be noted, however, that such estimate “does not establish the value of the property rights [herein] and a court’s determination that the estimate was made in good faith based upon a valid appraisal [as here] is not a finding of just compensation. Rather, after the condemning authority [DOT] takes possession and title pursuant to a ‘quick taking’ proceeding (Chapter 74), if compensation or severance damages are in issue [as here], a jury is empaneled to make a determination of value.” Florida East Coast Ry. v. Broward County, 421 So.2d 681, 684 (Fla. 4th DCA 1982) (citations omitted). At such trial, Capo will be entitled to present its case for severance damages and is not bound in any way by the DOT’s cost-to-cure estimate.
Affirmed.