PER CURIAM.
Capital Bank appeals an order discharging a civil supersedeas bond following affirmance of the judgment. Capital Bank v. MVB, Inc., 644 So.2d 515 (Fla. 3d DCA 1994), review denied, 654 So.2d 918 (Fla.1995). We reverse. The trial court erred in discharging the bond before the attorney’s fee award was finalized:[1] the final judgment reserved jurisdiction to award attorney’s fees and the bond provisions expressly condition discharge upon the payment of such fees. See Fla. R.App. P. 9.310(c)(2), 9.900(h). Cf. Finst Dev., Inc. v. Bemaor, 449 So.2d 290 (Fla. 3d DCA 1983)(eourt ordered party to post separate bond for attorney’s fee award where, apparently, the bond was not conditioned upon payment of fees); City of Coral Gables v. Geary, 398 So.2d 479 (Fla. 3d DCA 1981)(where bond did not contain attorney’s fee provision surety not liable). Therefore, Capital remained entitled to the bond’s protection. To hold otherwise would render the bond’s express language meaningless. The bond provision provides for “costs, interest and attorneys’ fees, and damages for delay in the event ... said judgment is affirmed.” This language demonstrates that fees are subsumed in the matter the bond was intended to protect. Accordingly, we reverse the order and remand for further proceedings.
Reversed and remanded.

. Capital contended that it was entitled to attorneys' fees pursuant to the note, guaranty and section 772.104, Florida Statutes (1993).